47028. BROWDER v. AETNA LIFE
INSURANCE COMPANY.

ARGUED APRIL 5, 1972—DECIDED APRIL 24, 1972.

Roy J. Leite, Jr., for appellant.

Carter, Ansley, Smith, McLendon & Quillian, Henry M. Quillian, Jr., H. Sanders Carter, Jr., for appellee.

DEEN, Judge. ■ "To prevail on motion for summary judgment, the movant has the burden to produce evidence which conclusively eliminates all material issues in the case." *Metropolitan Life Ins. Co. v. Forsyth,* 122 Ga. App. 463, 464 (177 SE2d 505). And, although the general rule is that upon the trial of the case the testimony of a party litigant, where self-contradictory or ambivalent, must be construed against him, yet on motion for summary judgment made by a party upon whom the burden of proof does *not* lie on the trial of the case, all evidence must be construed against the movant and in favor of the party opposing the motion. *Burnette Ford v. Hayes,* 227 Ga. 551 (181 SE2d 866); s. c., 124 Ga. App. 66 (183 SE2d 78). It is therefore immaterial that there are inconsistencies between the affidavit and deposition of the plaintiff. That part of his testimony most favorable to his position will be taken as true on motion for summary judgment made by the defendant insurer.

■ So construed, although both the statute (*Code Ann.* § 56-3004 (5)) and the policy (standard provisions Nos. 4, 5)

require 20-day written notice where "reasonably possible" or a showing that written notice was in fact given as soon as reasonably possible if longer than 20 days, and although a timely notice in writing was not in fact given, the plaintiff contends the requirement that the notice be in writing was waived. "In the absence of conduct amounting to waiver or estoppel, oral notice is not sufficient where written notice is required. *Stubbs v. State Farm Mut. Auto. Ins. Co.,* 120 Ga. App. 750 (172 SE2d 441)." *Corbin v. Gulf Ins. Co.,* 125 Ga. App. 281, 284 (187 SE2d 312). This case hinges primarily on a single point: Where there is evidence that timely notice was given to an agent authorized to receive it, within the 20-day period, but was defective for the reason that it was oral rather than in writing, what conduct on the part of the company will be sufficient to raise a jury question as to whether the insurer did in fact waive its right to notice in writing? We must first state that we agree with the appellee (1) that the fact that ten years previously the insurance company had paid a similar claim where the first notice in writing was forwarded to it some ten to thirteen months after the onset of disability, while it might well tend to make the plaintiff careless in subsequent claims, cannot be relied upon as a blanket waiver of written notice in all future claims, and we also agree that (2) where the plaintiff was sufficiently recovered to be back at work for approximately seven of the fifteen months before he requested claim forms, there is no evidence that written notice was presented as soon as reasonably possible. The question of waiver must therefore turn upon the following facts: Plaintiff, between September 29, 1965, and April 5, 1968, was in contact with two agents of the defendant insurer, the Wilcox Insurance Agency represented by either James Wilcox or Eloise Brown, and the Group Claim Department, represented by processor Douglas Martin. Martin finally denied the claim on April 5, 1968, for the reason that "this is considered an illness, as opposed to an impact that comes suddenly and from an unexpected source and without warning, which is associated with accidents.

The SX policy is limited to loss sustained through accidental means and excludes the contracting of a disease. Therefore, due to the foregoing, the Aetna does deny payment on this claim." The defendant contends, however, that since a letter from Martin dated January 23, 1968, states that further investigation is being made under full reservation of rights and should not be construed as an admission of liability that we should look, not to the letter of April 5, 1968, denying liability on the sole ground that no accident was involved but to Martin's original letter of June 13, 1967, denying liability on the basis of failure to give a written notice of claim within 20 days. Between these two dates the following events intervened: The Wilcox agency requested the claims department to reconsider. The claims department then notified the agency that "the 20 day clause for reporting claim would not have much bearing on this case" but there is nothing to verify total disability within 20 days from accident as required by the policy. The claims department further informed the agency that if plaintiff wished to press his claim he should submit a medical history and physician's statement from two doctors, and an admission sheet, medical history, and discharge summary from the hospital. The Wilcox agency informed the plaintiff of the position of the home office. Plaintiff then obtained the required data at some expense to himself and on the basis of the information so procured the company rejected the claim because the disability did not result from accident but from disease.

The position of the insurance company as of July, 1967, is contained in a letter to the plaintiff from the Wilcox agency stating the insurer's claims department "have informed me that the 20 day clause for reporting your claim would not have much bearing on this case" and requesting information as to accidental injury because "the policy requires that you be totally disabled within 20 days." The defendant admits that the letter "is a true copy of what it purports to be" but objects to it as hearsay and denies that the writer has any authority to speak for the defendant or

interpret its policy. The letter is not hearsay. Whether it correctly relays the position and instructions of the home office is a matter for determination on the trial of the case. See *Cable Co. v. Walker,* 127 Ga. 65 (1) (56 SE 108); *Glover v. Summerour,* 165 Ga. 513 (5) (141 SE 211). The relaying of the company's instructions and position was, at the very least, within the apparent authority of the local agent. Acting on the information, the plaintiff procured the requested medical information. The insurer acted on this and declined liability on the sole ground that the disability did not result from accident. Under the ruling in *Cordell v. Metropolitan Life Ins. Co.,* 54 Ga. App. 178 (1, 5) (187 SE 292), causing the insured to procure and transmit information of the type called for and received here amounts to a waiver of the timeliness of notice. "All this investigation would have been useless if the defendant intended to insist that the plaintiff could not maintain an action because of failure to comply with the conditions of the group policy in regard to notice, proof of disability and time of bringing action. Waiver is simply an election not to insist on the forfeiture of the insurance." Id., p. 185. And, to the effect that an ultimate denial of liability on another ground constitutes a waiver of forfeiture based on lack of timely notice, see also Paetz v. London Guar. &c. Co., 228 Mo. App. 564 (71 SW2d 826); Blazek v. North American Life & Cas. Co., 251 Minn. 130 (87 NW2d 36); American Cas. & Life Co. v. Butler (Tex. Civ. App.) 215 S. W. 2d 392. It was error to grant the defendant's motion for summary judgment on this ground, which under the record here had no bearing on the insurer's ultimate denial of liability. This is not an adjudication that a recovery on the trial would be authorized under the same evidence.

It should be further observed that the denial of liability was based on a medical history furnished by the plaintiff which clearly suggests that the claim is in fact not compensable because it was the result of disease rather than accidental injury. This, however, is not a matter which can be passed upon at the summary judgment stage since it is

dependent upon expert opinion evidence. *Williams v. Melton,* 120 Ga. App. 466 (171 SE2d 318); *General Motors Corp. v. Wilson,* 120 Ga. App. 156 (169 SE2d 749).

■ The third and fourth defenses to the action raise questions regarding the timely filing of proof of loss and timely bringing of suit on the cause of action. Plaintiff's motion to strike these defenses was properly denied. The questions of waiver and estoppel remain for jury decision. The fourth enumeration is unintelligible and is not passed upon. Under the facts of this case prayers for penalty and attorney fees for bad faith were properly stricken. Paragraph 11 of the final order of the trial court, sustaining the objection to certain of the hospital expenses as barred by the contractual period of limitation, is without error. Nor was it error to strike an amendment offered September 17, 1971, some 21 months after the suit was filed, seeking to recover disability benefits on the theory that they stemmed from the 1954 accident, since it affirmatively appears that no such claim has ever been initiated against the insurer.

*Judgment affirmed in part and reversed in part, as it was error to sustain ground 2 of the defendant's motion for summary judgment. Eberhardt, P. J., and Clark, J., concur.*