## 50265. GOVERNMENT EMPLOYEES INSURANCE COMPANY v. GATES et al.

MARSHALL, Judge.

The issue presented in this appeal is whether the appellant's conduct amounted to waiver of certain notice provisions of its insurance policy, as a matter of law.

The evidence adduced at trial showed that the appellant insured appellee Gates under a policy that provided medical payments and uninsured motorist coverage. On April 9, 1970, Gates' son was injured as a pedestrian in a hit-and-run accident, and on that same day he notified the police. Sometime during the next week, Gates reported the accident by telephone to an employee of the Georgia Adjustment Agency, an independent claims agent for appellant. An adjuster from that agency sent claims forms to Gates, which were returned unsigned and incomplete. Later the adjuster was contacted by Gates and was told that since his son's injury was minor he did not wish to submit a claim. The adjuster closed his file.

In early October, 1970, Gates contacted the adjuster and stated that he had changed his mind, that his son's injuries were more severe than expected, and that he wished to file a claim for the injury. The adjuster then helped Gates fill out the proper claims forms under both the medical payments and uninsured motorist provisions of the policy; took statements from the Gates and their son; had the son submit to a medical examination; collected medical records and expenses and otherwise conducted a "usual type" investigation of an uninsured motorist claim. The evidence shows that the investigation lasted until June, 1971, and that appellant was kept informed of the status of the investigation during that time.

Appellant filed the present action for declaratory judgment in Fulton Superior Court seeking declaration of non-liability under the uninsured motorist provisions of its insurance contract with Gates. It contended on its motion for summary judgment that Gates' failure to comply with certain provisions of the policy precluded his recovery. Specifically, the provision of the policy

providing uninsured motorist coverage includes protection against "hit-and-run automobiles" as defined therein. Within the definition of "hit-and-run automobile" are two requirements: (1) that the insured report the accident to the Director of Public Safety within ten days after the accident, and (2) that the insured file a sworn statement with the company within thirty days after the accident that he has a cause of action arising therefrom for damages against a person whose identity is unascertainable. Gates failed to timely comply with either provision, and he contended that the conduct of the appellant constituted a waiver of these provisions. Both parties moved for summary judgment and both motions were denied. At a later trial by jury, at the close of the appellant's evidence, Gates moved for and was granted a directed verdict.

The sole issue on both the motion for summary judgment and at the trial on directed verdict was whether or not the appellant through its adjuster waived the notice requirements of the policy. Whether there remained genuine issues of material fact on the motion for summary judgment and whether the evidence demanded a verdict for Gates on the basis of waiver are the only relevant issues raised in the appellant's six enumerations of error. *Held:*

That such notice provisions are binding and are conditions precedent to an action against the insurer when so provided in the insurance policy, as here, is settled. *Corbin v. Gulf Ins. Co.,* 125 Ga. App. 281 (2) (187 SE2d 312). It is also well established that in certain factual situations the conduct of the insurer may constitute waiver or estoppel as to such provisions. See *U. S. Fidelity &c. Co. v. Lockhart,* 124 Ga. App. 810 (2) (186 SE2d 362); *Laughinghouse v. First of Ga. Ins. Co.,* 123 Ga. App. 189 (179 SE2d 675); *Hartford Acc. &c. Co. v. Grant,* 113 Ga. App. 795, 798 (149 SE2d 712); *Assurance Co. of America v. Bell,* 108 Ga. App. 766 (1) (134 SE2d 540); *Travelers Fire Ins. Co. v. Robertson,* 103 Ga. App. 816 (120 SE2d 657); *New York Underwriters &c. Co. v. Noles,* 101 Ga. App. 922 (115 SE2d 474). Each case seems to depend on its own facts as to whether the insurer's conduct constitutes waiver or estoppel, and we must conclude that

the facts presented in this case do not establish waiver as a matter of law.

Gates urges that the adjuster's receipt of the claims forms and the commencement of investigation by both the adjuster and the company six months after the accident constitute waiver. The adjuster's testimony at the trial was that he told Gates that if a claim was submitted it would be paid in whatever amount the company found proper after its investigation. "Investigating any loss or claim under any policy or engaging in negotiations looking toward a possible settlement of any such loss or claim" does not constitute waiver. Ga. L. 1960, pp. 289, 671 (Code Ann. § 56-2428 (3)). See also *Buffalo Ins. Co. v. Star Photo &c. Co.,* 120 Ga. App. 697 (2d) (172 SE2d 159).

Gates also contends that the adjuster's failure to tell him of the notice requirements at the time of oral notification of the accident, and the appellant's failure to raise this defense at earlier stages of the litigation prior to its motion for summary judgment constitute waiver as a matter of law. "[T]here is no duty on the insurer to notify the insured to give notice of the loss or to call upon him to furnish proofs of loss as required by the policy." *Buffalo Ins. Co. v. Star Photo &c. Co.,* 120 Ga. App. 697, 698 (2e), supra. Also, the appellant's filing of pleadings in the "John Doe" action without reserving its defense of non-compliance does not amount to an admission of liability or of coverage by the insurer. *Doe v. Moss,* 120 Ga. App. 762, 765 (172 SE2d 321); *U. S. Fidelity &c. Co. v. Bishop,* 121 Ga. App. 75 (172 SE2d 855).

In the record, there appear affidavits submitted by Mr. and Mrs. Gates in support of their motion for summary judgment which indicate that the adjuster represented to them that their claim would be paid under both medical payments and uninsured motorist provisions and that the adjuster had complete authority to bind the company. However, because the verdict was directed at the conclusion of appellant's evidence, these statements were not introduced at the trial. The statements are certainly additional factors which rendered the denial of motions for summary judgment proper and which the jury should have been allowed to consider in determining the question of waiver. Without

these statements the evidence certainly does not establish waiver as a matter of law and demand a verdict in favor of Gates. The question should have been submitted to the jury at the conclusion of all the evidence. See, *Browder v. Aetna Life Ins. Co.,* 126 Ga. App. 140 (2) (190 SE2d 110); *Modestino v. Allstate Ins. Co.,* 125 Ga. App. 665 (2) (188 SE2d 830); *Wolverine Ins. Co. v. Sorrough,* 122 Ga. App. 556 (2b) (177 SE2d 819); *Aetna Ins. Co. v. Paulk,* 120 Ga. App. 445 (171 SE2d 153).

*Judgment reversed. Bell, C. J., and Webb, J., concur.*

ARGUED FEBRUARY 3, 1975 — DECIDED APRIL 23, 1975 — REHEARING DENIED MAY 13, 1975.

*Dunaway, Haas & Broome, Norris C. Broome,* for appellant.

*Cofer, Beauchamp & Hawes, Peyton S. Hawes, Jr., Robert S. Jones,* for appellees.