## 57495. ATLANTA INTERNATIONAL PROPERTIES, INC. v. GEORGIA UNDERWRITING ASSOCIATION.

DEEN, Chief Judge.

In March, 1976, the appellant in writing requested of appellee insurance coverage for fire, extended coverage, vandalism and malicious mischief (designated on the application as "Fire, E.C. & V&MM") on each of 39 pieces of property and was issued 39 policies. Stated on the face of each was: "Insurance is provided against only those perils and for only those coverages indicated by a premium charge." Below this appears the following:

| Amount | Premium | Perils insured against & coverages provided |
|--------|---------|---------------------------------------------|
| $6,000 | $ 28 | Fire and lightning |
| | $ 6 | Extended Coverage *and\** Vandalism and malicious mischief |
| Totals | $ 35 | Minimum Premium. |

*The word "and" is typed in as are the figures. The remaining words are printed.

In December, 1976, and January, 1977, the properties involved suffered from vandalism and/or malicious mischief. An officer of appellant examined his policies and concluded there was no coverage. He did not mention this to his insurance broker, however, until the end of the following August, and was then informed that there was indeed coverage in accordance with the original insurance applications. Claims were then filed. The insurer denied liability because of failure to comply with the policy requirement that "the insured shall give

immediate written notice to this Company of any loss." The policy further specified that no action for recovery of any claim is sustainable unless all policy requirements have been complied with.

Upon suit being brought and on the basis of the facts set out above the insurer moved for and was granted summary judgment. This appeal followed.

1. It is not contested that failure to comply with notice of loss provisions will in the absence of waiver of estoppel or other facts constituting a justification to the insured or making it unreasonable to demand full compliance, be a bar to an action on the policy where such provision is made a condition precedent by the terms of the contract. *Bituminous Cas. Corp. v. J. B. Forrest &c.,* 132 Ga. App. 714 (3) (209 SE2d 6) (1974); *Wolverine Ins. Co. v. Sorrough,* 122 Ga. App. 556 (177 SE2d 819) (1970); *Edwards v. Fidelity &c. Co.,* 129 Ga. App. 306 (199 SE2d 570) (1973); Allstate Ins. Co. v. Edwards, 237 FSupp. 195 (1964). There appears to be no onus on the insurer to prove its defenses have been prejudiced by the delay. *Richmond v. Ga. Farm Bureau &c. Ins. Co.,* 140 Ga. App. 215, 222 (231 SE2d 245) (1976).

2. The justification here urged is that, since the insurer prepared the policy, any ambiguity therein should be construed against it so as to create a waiver or estoppel. The alleged ambiguity is that the word "and" was typed in under the perils insured against so as to show a $6 charge for "Extended Coverage and Vandalism and malicious mischief" instead of showing one figure for the extended coverage and another for the vandalism/malicious mischief coverage. The language is perfectly plain, and we are forced to agree with the trial judge that the appellant is seeking to create an ambiguity where none exists as a matter of fact. The defendant is chargeable with awareness of the insurance coverage it solicited, and with checking the policy to see that proper coverage had been obtained. The policy does in fact show this coverage. The eight or nine-month delay in checking back with appellant's insurance broker, if the plaintiff did in fact have any doubt as to coverage, is a violation of a condition precedent as to notice and voids the coverage on these claims.

*Judgment affirmed. McMurray, P. J., and Shulman, J., concur.*

SUBMITTED MARCH 8, 1979 — DECIDED APRIL 24, 1979.

*Kirby G. Bailey,* for appellant.
*Swift, Currie, McGhee & Hiers, John R. Gaughen,* for appellee.