Helen M. WEIS, Plaintiff,

v.

INTERNATIONAL INSURANCE COMPANY, INC., Defendant.

Civ. A. No. C82–1539A.

United States District Court, N.D. Georgia, Atlanta Division.

March 28, 1983.

Stroud P. Stacy, Stacy & Sanders, Decatur, Ga., for plaintiff.

Clayton H. Farnham, Richard O'Donnell, Swift, Currie, McGhee & Hiers, Atlanta, Ga., for defendant.

## ORDER

SHOOB, District Judge.

This diversity action on an insurance contract is presently before the Court on defendant insurer's motion for summary judgment. Defendant argues that plaintiff failed to notify it immediately of her alleged theft loss and thus did not satisfy one of the conditions precedent to recovery under the terms of the policy. Plaintiff responds that (1) defendant waived the immediate notice requirement; and (2) in any case, the question of whether she complied with the immediate notice provision is one of fact for the jury.

## FACTS

The undisputed facts material to the resolution of defendant's summary judgment motion are briefly set out below.

On October 7, 1981, plaintiff Helen M. Weis was informed by the manager of the Suburban Storage Mini-Warehouse that the two storage units she rented there had been broken into and a large amount of the property stored therein had been stolen. On the same day Mrs. Weis notified the DeKalb County Police of the theft, and an investigating officer subsequently interviewed both Mrs. Weis and her husband, as well as the managers of Suburban Storage. The officer did not, however, physically inspect the two storage units.

At the time of the theft, Mrs. Weis was the named insured under a homeowner's insurance policy then in force issued by defendant International Insurance Company (International) and obtained through the Fortenberry Insurance Agency (Fortenberry) (Policy No. 216 028865 7). Mrs. Weis, however, did not notify defendant or its agent of the theft until November 6, 1981, when her present attorney, Mr. Stroud Stacy, informed Fortenberry by telephone. Mr. Stacy mailed formal written notice to Fortenberry on November 9, 1981, which was received on November 10.

Prior to notifying defendant's agent of the theft, plaintiff had sought counsel from another attorney, Mr. William T. Hudson, on November 3, 1981, concerning a possible suit against Suburban Storage. The possibility that Mrs. Weis's theft loss might be covered by her homeowner's insurance was not raised during her interview with Mr. Hudson. Instead, he simply referred plaintiff to Mr. Stacy. It was during an interview with Mr. Stacy later that same day that Mr. Stacy inquired whether Mrs. Weis owned a homeowner's insurance policy, suggesting that it might cover the theft. Mrs. Weis stated then that it had not occurred to

her before that her homeowner's policy might cover the theft from the mini-warehouse storage units.

On November 16, 1981, shortly after it had been notified of the loss, one of defendant's claims representatives, Ms. Sandra Robinson, took a recorded statement from Mrs. Weis regarding the circumstances of the theft. A month later, at defendant's request, Mrs. Weis showed Ms. Robinson the two storage units from which the property had been stolen, as well as the property that remained after the theft. Finally, in compliance with the terms of the insurance policy and at the request of defendant, Mrs. Weis compiled a list of items stolen, their replacement cost and receipts showing purchase price. This information was mailed to defendant over a period of time ranging from November 10, 1981, to March 9, 1982.

On April 6, 1982, defendant's attorney sent plaintiff's attorney a letter informing him that Mrs. Weis's claim was being denied because, *inter alia,* she had failed to notify defendant of the loss immediately, as required by the terms of the policy. Plaintiff shortly thereafter filed the instant lawsuit, and defendant now raises the same contention in support of its motion for summary judgment.

## DISCUSSION

The provisions of plaintiff's homeowner's insurance policy relevant to the pending motion for summary judgment appear at pages 6 through 8 of the policy under the heading, "SECTION 1—CONDITIONS." Paragraphs 2 and 8 thereof provide in relevant part:

2. *Your Duties After Loss.* In case of a loss to which this insurance may apply, you shall see that the following duties are performed:

a. give immediate notice to us or our agent, and in case of theft also to the police. . . .

. . . .

8. *Suit Against Us.* No action shall be brought unless there has been compliance with the policy provisions. . . .

Defendant argues that plaintiff's failure to notify it of her loss until more than 30 days after she learned of the theft constitutes, as a matter of law, failure to provide the "immediate notice" required by the plain terms of the insurance contract. Accordingly, defendant argues, this suit is barred under paragraph 8 quoted above.

Plaintiff does not dispute that, absent a waiver by defendant, compliance with the immediate notice requirement is a condition precedent to recovery under the policy. She argues, however, that (1) by its conduct defendant waived compliance with the immediate notice provision or, at least, a factual question exists as to whether there was a waiver; and (2) even absent a waiver, a factual question remains as to whether the notice actually given satisfied the immediate notice requirement. Each of these arguments is addressed in turn below.

*Waiver*

Plaintiff contends that the following conduct on the part of defendant implies a waiver of the immediate notice provision: (1) interviewing plaintiff shortly after receiving notice of the loss; (2) asking plaintiff to accompany a claims representative to the site of the theft; and (3) requesting that plaintiff submit a proof of loss, as provided for under the terms of the policy, including compilation of lists of the items stolen, their replacement cost and purchase price.

Defendant argues that, pursuant to O.C.G.A. § 33–24–40, these are acts of claims administration that are not to be deemed a waiver of any defense it may have under the terms of the policy. Section 33–24–40 provides:

Without limitation of any right or defense of an insurer otherwise, none of the following acts by or on behalf of an insurer shall be deemed to constitute a waiver of any provision of a policy or of any defense of the insurer under the policy:

(1) Acknowledgment of the receipt of notice of loss or claim under the policy;

(2) Furnishing forms for reporting a loss or claim, for giving information rela-

tive to the loss or claim, or for making proof of loss or receiving or acknowledging receipt of any forms or proofs completed or uncompleted; or

(3) Investigating any loss or claim under any policy or engaging in negotiations looking toward a possible settlement of any loss or claim.

The Court agrees with defendant that its acts were clearly within the purview of § 33–24–40. *See, e.g., McCauley v. Boston Old Colony Insurance Co.,* 149 Ga.App. 706, 256 S.E.2d 19 (1979); *Buffalo Insurance Co. v. Star Photo Finishing Co.,* 120 Ga.App. 697, 172 S.E.2d 159 (1969); *Progressive Mutual Insurance Co. v. Burrell Motors, Inc.,* 112 Ga.App. 88, 143 S.E.2d 757 (1965).

The cases relied on by plaintiff do not support her position. Both *New York Underwriters Insurance Co. v. Noles,* 101 Ga. App. 922, 115 S.E.2d 474 (1960), and *Cordell v. Metropolitan Life Insurance Co.,* 54 Ga. App. 178, 187 S.E. 292 (1936), were decided before § 33–24–40 (formerly Ga.Code Ann. § 56–2428) became effective on January 1, 1961. *See* 1960 Ga.Laws 289, 296; Ga.Code Ann. § 56–115. Accordingly, insofar as these cases may be interpreted as applying a rule contrary to § 33–24–40, they have been superseded and are no longer good law.

The third case cited by plaintiff, *Browder v. Aetna Life Insurance Co.,* 126 Ga.App. 140, 190 S.E.2d 110 (1972), does not even mention § 33–24–40 but relies on *Cordell, supra,* in finding that the insured's procuring and submitting certain medical information at the insurer's request amounted to a waiver by the insurer of the timeliness of notice. Apart from *Browder*'s failure to consider the effect of § 33–24–40 on the *Cordell* ruling, its applicability here is also undermined because the *Browder* court based its finding of a waiver at least in part on the fact that the insurer had denied plaintiff's claim on grounds other than the timeliness of notice, and "an ultimate denial

of liability on another ground constitutes a waiver of forfeiture based on lack of timely notice." 126 Ga.App. at 144, 190 S.E.2d 110. Hence *Browder* is both distinguishable on its facts from the instant case, as well as questionable in its legal conclusion that the insurer's investigation constituted a waiver. Accordingly, this Court finds that it supplies no authority for the proposition that under Georgia law defendant's actions in the instant case implied a waiver of the immediate notice provision of its policy.[1]

*Notice*

■ Defendant cites only two cases in direct support of its contention that plaintiff's one month delay in notifying it of her loss was, as a matter of law, a violation of the condition precedent as to notice contained in the policy. The first, *Bailey v. First National Fire Insurance Co.,* 18 Ga. App. 213, 89 S.E. 80 (1916), applied a similar "immediate notice" provision and affirmed a dismissal of the action for failure to provide the requisite notice. However, *Bailey* is of no precedential value on this issue, because the court's syllabus opinion contains no discussion of the circumstances of the case nor of the basis of its holding. Thus it cannot be determined how late notice was given after the loss occurred, or whether the notice was found deficient because it was untimely or because it was not in writing, as was required by the policy. Without these details the *Bailey* opinion can provide no guidance in deciding the instant case.

The second case cited by defendant is more helpful. *Atlanta International Properties, Inc., v. Georgia Underwriting Ass'n.,* 149 Ga.App. 701, 256 S.E.2d 472 (1979), addressed an insurer's denial of liability because of failure to comply with the policy requirement that "the insured shall give immediate written notice to this Company of any loss." The insured in *Atlanta International* had failed to notify its insurer

---

1. A fourth case cited by plaintiff, *Government Employees Insurance Co. v. Gates,* 134 Ga.App. 795, 216 S.E.2d 619 (1975), also provides no support for her position. The court in *Gates* rejected arguments that the insurer's receipt of claims forms and commencement of an investigation constituted a waiver, citing § 33–24–40, and reversed a directed verdict granted in favor of the insured on the waiver issue.

until nearly nine months after its loss, because one of its officers had mistakenly concluded that the loss was not covered under the terms of the policy. The court, however, held that the language of the policy was unambiguous, and that "defendant is chargeable with awareness of the insurance coverage it solicited, and with checking the policy to see that proper coverage had been obtained." 149 Ga.App. at 702, 256 S.E.2d 472. Summary judgment in favor of the insurer was accordingly affirmed.

Analogously, plaintiff in the instant case claims that her initial failure to realize that her loss might be covered under her homeowner's policy was reasonable and the relatively short delay in notifying her insurer was therefore justified. Defendant relies on *Atlanta International* as supporting summary judgment in its favor under these circumstances. However, there are two other lines of cases, which defendant seeks to distinguish, that suggest that the adequacy of plaintiff's compliance with the immediate notice requirement is a question of fact for the jury.

First, there is a long line of cases interpreting policy provisions that require notice of loss to the insured "as soon as practicable." These cases have uniformly held that whether notice is timely is a question for the jury to determine in light of all the circumstances of the case. *See Sands v. Grain Dealers Mutual Insurance Co.,* 154 Ga.App. 720, 270 S.E.2d 8 (1980); *State Farm Mutual Automobile Insurance Co. v. Sloan,* 150 Ga.App. 464, 258 S.E.2d 146 (1979); *Southern Trust Insurance Co. v. Clark,* 148 Ga.App. 579, 251 S.E.2d 823 (1978); *Georgia Mutual Insurance Co. v. Criterion Insurance Co.,* 131 Ga.App. 339, 206 S.E.2d 88 (1974); *Norfolk & Dedham Mutual Fire Insurance Co. v. Cumbaa,* 128 Ga.App. 196, 196 S.E.2d 167 (1973).

A second line of cases has involved application of provisions requiring an insured, once a claim is made or suit is brought against him, to "immediately forward" to the insurer any summons or other process received by him. These cases have construed "immediately" in this context to

mean "with reasonable diligence and within a reasonable length of time in view of attending circumstances of each particular case." *Bituminous Casualty Corp. v. J.B. Forrest & Sons, Inc.,* 132 Ga.App. 714, 719, 209 S.E.2d 6 (1974); *see also, Continental Casualty Co. v. Parker,* 161 Ga.App. 614, 288 S.E.2d 776 (1982); *Stonewall Insurance Co. v. Farone,* 129 Ga.App. 471, 199 S.E.2d 852 (1973). Generally, therefore, this is an issue to be resolved by the jury. *Parker, supra,* 161 Ga.App. at 618, 288 S.E.2d 776; *Farone, supra,* 129 Ga.App. at 474–75, 199 S.E.2d 852.

Defendant distinguishes the first line of cases by noting that "as soon as practicable" is a much less demanding standard than "immediately" and is therefore more susceptible to balancing in light of particular circumstances. Thus the rule that "practicability" generally presents a jury question, defendant argues, does not require that "immediately" be viewed in the same way.

This Court agrees with defendant that the first line of cases does not control the instant case. "Immediately" is clearly a more limiting requirement than "as soon as practicable." Under the same set of facts, the former standard might allow for a summary adjudication while the latter would present a question of fact. *See Sloan, supra,* 150 Ga.App. at 469, 258 S.E.2d 146 (on motion for rehearing). This does not mean, however, that application of the "immediately" standard is always simply a matter of law. For as the second line of cases indicates, the requirement of immediacy also may be subject to interpretation in the light of circumstances.

Turning then to this second line of cases, defendant argues that these decisions concerning forwarding of suit papers should not be considered relevant authority to the issue of immediate notice of a loss, because timely forwarding of suit papers is merely a matter of convenience for the insurer, while timely notice of a claim is a matter of necessity if the insurer is to be able to perform an adequate investigation and protect itself from false claims. There is some

force to defendant's argument that the meaning of "immediately" depends on its context, and that it should be given a more restrictive reading where it relates to a requirement of greater importance to the insurer. Nonetheless, even conceding that "immediately" should carry a more restrictive interpretation in certain contexts, this does not always make its application, even in such contexts, simply a matter of law. Only where the circumstances clearly dictate a single answer should the issue be disposed of in summary fashion. Wherever, on the other hand, reasonable minds might differ, the trier of fact must be the ultimate arbiter, weighing all the various factors in the balance, including the importance of the particular notice to. the insurer.

Finally, then, defendant argues that even if the immediate notice requirement might under some circumstances present a jury question; nevertheless, under the particular facts of this case, the only inference that can be drawn is that plaintiff unjustifiably delayed more than a month in notifying defendant of her claim and thus violated the immediate notice provision of the policy. Plaintiff's claimed lack of awareness of coverage, defendant contends, is a legally insufficient excuse for the delay. In support of its contention defendant cites three cases affirming summary judgments in favor of insurers on the grounds that, as a matter of law, the insured's notice of loss was not given "as soon as practicable." *See Richmond v. Georgia Farm Bureau Mutual Insurance Co.,* 140 Ga.App. 215, 231 S.E.2d 245 (1976); *Erber v. Insurance Company of North America,* 134 Ga.App. 632, 215 S.E.2d 528 (1975); *Edwards v. Fidelity & Casualty Company of New York,* 129 Ga.App. 306, 199 S.E.2d 570 (1973).

These cases do establish that under certain circumstances summary judgment may be appropriate even under the more flexible "as soon as practicable" standard. However, only the *Erber* case raised any question as to the insured's lack of knowledge of insurance coverage, and there the insured waited an additional fourteen months after learning he had a claim before notifying his insurer. Thus, even considering that the more rigorous requirement of immediate notice is applicable in the instant case, the cases cited by defendant certainly do not mandate summary judgment in its favor. Plaintiff here notified defendant as soon as she learned that her loss might be covered under her homeowner's policy, which was little more than a month after the theft itself had occurred.

Moreover, other Georgia cases construing "as soon as practicable" notice provisions have recognized that an insured's claim that he was unaware his policy covered a particular loss raises a factual question as to whether the delay in giving notice was reasonable and justified. *See Insurance Company of North America v. Waldroup,* 462 F.Supp. 161 (M.D.Ga.1978); *Georgia Mutual Insurance Co. v. Criterion Insurance Co.,* 131 Ga.App. 339, 206 S.E.2d 88 (1974). Defendant seeks to distinguish these cases as involving particularly unusual circumstances, where a reasonably prudent person might not have known that his policy would afford coverage. In contrast, defendant argues, plaintiff's policy unambiguously extended coverage to personal property located "anywhere in the world," and a reasonable person would therefore have known that the policy might cover a theft from a storage warehouse.

■ The Court cannot agree, however, that the coverage provisions of plaintiff's policy are so crystal clear as to preclude a jury determination of the reasonableness of plaintiff's delay. As plaintiff points out, her policy contains numerous limitations and exceptions as to coverage, including exceptions as to some types of property kept in storage or away from the residence premises. *See* Complaint, Exhibit A, at 3, 5. Even if a careful reading of the policy provisions reveals that none of these limitations or exceptions excludes plaintiff's personal property placed in a storage facility, the Court cannot conclude that plaintiff's

erroneous contrary assumption was unreasonable as a matter of law.[2]

*Atlanta International Properties, supra,* does not require a different conclusion. In holding that the insured had failed to give timely notice in that case, the court not only relied on the lack of ambiguity in the coverage provisions but also emphasized that the insured had expressly requested coverage for the specific type of loss at issue. The insured, the court concluded, "is chargeable with awareness of the insurance coverage it solicited, and with checking the policy to see that proper coverage had been obtained." *Id.,* 149 Ga.App. at 702, 256 S.E.2d 472. In contrast, there is no evidence in the instant case that plaintiff specifically sought homeowner's insurance that would also cover personal property stored away from the residence premises.

■ Accordingly, this Court concludes that the question of whether plaintiff has adequately complied with the immediate notice provision of her policy is one of fact for the jury.[3] Defendant's motion for summary judgment is therefore DENIED.

**2.** The Court does agree with defendant that plaintiff's age, cited by plaintiff as one factor to be considered, is irrelevant to the reasonableness of her assumption. In determining whether the delay in giving notice was reasonable and justified, "an objective standard from the viewpoint of the ordinary policyholder is applied." *United Services Automobile Ass'n v. Middleton,* 77 F.R.D. 660, 661 (N.D.Ga.1978); *see also, Atlanta International Properties, supra,* 149 Ga.App. at 702, 256 S.E.2d 472.

**3.** Both parties have raised the issue of whether prejudice to the insurer is relevant to the timeliness of notice. The cases on this question appear to conflict. First, it seems well established that an insurer carries no burden of proving that it was prejudiced by untimely notice. *Atlanta International Properties, supra,* 149 Ga.App. at 702, 256 S.E.2d 472; *Richmond, supra,* 140 Ga.App. at 222, 231 S.E.2d 245. However, two recent cases have concluded that "[t]he presence or absence of prejudice to the insurer should be a factor to be considered in the determination of timeliness of the notice." *Leventhal v. American Banker Insurance Co.,*

159 Ga.App. 104, 108, 283 S.E.2d 3 (1981); *see also, Parker, supra,* 161 Ga.App. at 618, 288 S.E.2d 776. Although these latter two cases both involved untimely forwarding of suit papers where the insurer already had actual notice of the suit, the *Richmond* case, 140 Ga. App. at 222, 231 S.E.2d 245, indicates that the same rule is to apply both to forwarding of suit papers and giving notice of a claim. In the absence of any clear authority from the Georgia courts, this Court concludes that while an insurer has no burden of proving prejudice in order to prevail in a clear case of untimely notice; nevertheless, where a factual issue exists as to the reasonableness of the insured's delayed notice, then evidence of prejudice to the insurer is relevant to a determination of this issue. Since the Court has determined that a factual issue does exist as to the reasonableness of Mrs. Weis's delay in giving notice, defendant will be entitled at trial to present evidence of any prejudice to it to be considered by the jury in deciding this question.