A90A2363. BRAZIL v. GOVERNMENT EMPLOYEES
INSURANCE COMPANY.
(404 SE2d 807)

Carley, Judge.

Appellant-plaintiff brought suit, seeking to recover no-fault benefits under a policy that had been issued to him by appellee-defendant. Appellee answered and, after discovery, cross-motions for summary judgment were filed. The trial court denied appellant's motion and granted summary judgment in favor of appellee. It is from that order that appellant brings this appeal.

1. Appellant was injured in September of 1985 and, under the terms of his policy, he was obligated to give appellee notice "[a]s soon as possible. . . ." However, no notice whatsoever was given to appellee until November of 1988. Appellant does not contend that, notwithstanding this 38-month delay, he satisfied his obligation to give notice to appellee "[a]s soon as possible. . . ." The only contention is that appellee waived its right to rely upon the 38-month delay as a defense to appellant's action for no-fault benefits.

There is evidence that, after it finally received notice from appellant, appellee did not immediately and definitively deny coverage on the basis of the 38-month delay but, instead, acknowledged receipt of his untimely notice, furnished him with claim forms and undertook an investigation before it ultimately denied coverage on that basis. However, pursuant to OCGA § 33-24-40, such evidence of a delay in asserting the defense pending a full and complete investigation of appellant's claim would *not* be material to the issue of appellee's waiver of its defensive reliance upon the 38-month delay. See generally *Buffalo Ins. Co. v. Star Photo Finishing Co.,* 120 Ga. App. 697, 698 (2) (172 SE2d 159) (1969). What *would* be material to the waiver issue is evidence that, after it finally received notice from appellant, appellee otherwise expressly or impliedly took a position indicative of its intent not to enforce satisfaction of the timely notice requirement. See *State Farm &c. Ins. Co. v. Wright,* 137 Ga. App. 819 (224 SE2d 796) (1976) (express understanding that pre-existing policy violations would be waived in consideration of opening default); *Browder v.*

*Aetna Life Ins. Co.*, 126 Ga. App. 140 (190 SE2d 110) (1972) (insurer's original denial of liability based upon untimely notification expressly retracted and insured informed that his untimely notification "would not have much bearing on this case" and that he would be allowed to pursue his claim, followed by a pre-trial denial of liability on the merits of the claim that the insured filed); *Assurance Co. of America v. Bell*, 108 Ga. App. 766 (134 SE2d 540) (1963) (original implied acceptance of liability by insurer despite lack of written notification, followed by a pre-trial denial of liability for lack of coverage rather than lack of written notification). There is *no* such evidence that, after it finally received notice from appellant, appellee expressly or impliedly took a position accepting or rejecting coverage which was inconsistent with its eventual invocation of the untimely notice defense.

Appellant's reliance upon cases which predate enactment of OCGA § 33-24-40 is misplaced because those cases have been superseded by that statute. Under the controlling provisions of OCGA § 33-24-40, a waiver cannot be based upon appellant's own unilateral assumption or expectation that the 38-month delay would not be enforced against him simply because appellee did not undertake immediately and definitively to deny coverage on that specific basis, but subjected his claim to the normal administrative formal process before doing so. *Government Employees Ins. Co. v. Gates*, 134 Ga. App. 795, 797 (216 SE2d 619) (1975).

2. Even without disclaiming liability and giving notice of its reservation of rights, *any* insurer who merely proceeds to investigate a claim with knowledge of facts which might otherwise constitute a defense to coverage is not estopped from thereafter setting up the defense. OCGA § 33-24-40 (3). Compare *Richmond v. Ga. Farm Bureau &c. Ins. Co.*, 140 Ga. App. 215 (231 SE2d 245) (1976) (holding that a *liability carrier* that undertakes *a defense of its insured* with knowledge of a defense to coverage and without a reservation of rights is estopped from thereafter denying coverage on that basis). Accordingly, appellant's contention that appellee is estopped to deny coverage because it proceeded to investigate his claim without a reservation of rights is without merit.

3. Appellant's unexcused 38-month delay in giving notice to appellee was unreasonable as a matter of law. *Protective Ins. Co. v. Johnson*, 256 Ga. 713 (1) (352 SE2d 760) (1987). Under the evidence of record, no genuine issue of material fact remains as to appellee's estoppel to rely upon or waiver of that unreasonable delay as a defense to appellant's claim for no-fault benefits. It follows that the trial court correctly denied appellant's motion for summary judgment and correctly granted summary judgment in favor of appellee.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

Decided March 13, 1991 —
Rehearing denied March 27, 1991 — 

Kenneth C. Pollock, for appellant.
Haas, Bridges & Kane, Alvin L. Bridges, Jr., Stephen R. Kane, for appellee.