**Charles DeBORD, Jr., Plaintiff,**

v.

**PEOPLES BENEFIT LIFE INSURANCE COMPANY, Defendant.**

**Civil Action No. 1:06–cv–2884–TCB.**

United States District Court,
N.D. Georgia,
Atlanta Division.

June 10, 2008.

Allen L. Broughton, Broughton & Fernandez, Brian C. McCarthy, Law Office of Brian C. McCarthy, Roswell, GA, James F. Imbriale, Hartman–Imbriale, LLP, Woodstock, GA, for Plaintiff.

H. Sanders Carter, Jr., Michael Patrick Johnson, Smith Moore, LLP, Lisa R. Richardson, Mozley, Finlayson & Loggins LLP, Atlanta, GA, for Defendant.

## ORDER

TIMOTHY C. BATTEN, SR., District Judge.

### I. Background

Charles DeBord, Sr. passed away on November 29, 2002. Cherokee County police officers found him in the driver's seat of his car with his seatbelt fastened and no visible signs of trauma. His vehicle was on the side of a highway, on a downward-sloped embankment. It had no significant damage, and there was no evidence that it had collided with another vehicle or any stationary object other than a small silt fence that paralleled the highway.

On the shoulder of the road, near the vehicle, the investigating officer observed the body of a small deer that was partially covered in frost and did not appear to have recently died. The officer observed blood and short hair, like that of the deer, on the hood of the vehicle, concentrated near the windshield. He also found an area of blood and short hair approximately a quarter of a mile north of the vehicle. The deer was taken to an animal hospital, where it was determined that it had been hit by a car.

The medical examiner, Geoffrey Smith, M.D., performed an autopsy on Mr. DeBord's body and found only superficial scratches and bruises that were not sufficient to cause death. The autopsy did not reveal any traumatic injuries that could have caused or contributed to Mr. DeBord's death. Though the autopsy also revealed that Mr. DeBord had a swollen brain and enlarged heart, Dr. Smith determined these were nonspecific findings and concluded that Mr. DeBord died from natural causes.

At the time of his death, Mr. DeBord had a death benefits policy with Defendant Peoples Benefit Life Insurance Company. The policy provided that accidental death benefits would be paid only if the insured died as the result of a "bodily injury caused by an accident, directly and independently of all other causes." The policy also required that a written notice of claim be given "within 30 days after the insured's death or as soon as possible" and that written proof of loss "be provided within 90 days after the date of loss" but "[i]f it is not reasonably possible to furnish the necessary proof within 90 days ... proof of loss must be given [unless not legally able] no more than 1 year from the time the loss occurred."

Plaintiff Charles DeBord, Jr. is the sole beneficiary of the policy. He first notified Peoples Benefit of his claim by letter dated January 28, 2003, two months after his father's death. In the following months, he sent Peoples Benefit copies of the death certificate, preliminary police report, and toxicology report—but not the completed claim form—and demanded payment of the accidental death benefits.

Between August 26 and December 1, 2003, Peoples Benefit requested on three separate occasions that DeBord complete the required claim form, which included an authorization allowing Peoples Benefit to obtain medical records of the deceased from third parties. Peoples Benefit informed DeBord that the claim evaluation could not be completed until the form was received. DeBord did not return the completed claim form and authorization until September 22, 2005, almost thirty-four months after his father's death.

On November 28, 2006, DeBord filed this action against Peoples Benefit for failure to pay the accidental death benefits. Peoples Benefit now moves for summary judgment [26], contending that (1) Debord

failed to submit timely notice of the claim and proof of loss, and (2) there is no evidence that its insured died from a "bodily injury caused by an accident, directly and independently of all other causes."

## II.  Analysis

### A.  Summary Judgment Standard

Summary judgment is proper when no genuine issue as to any material fact is present, and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). The movant carries the initial burden and must show that there is "an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991). The nonmovant is then required to "go beyond the pleadings" and present competent evidence in the form of affidavits, depositions, admissions and the like, designating "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548. "The mere existence of a scintilla of evidence" supporting the nonmovant's case is insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Resolving all doubts in favor of the nonmoving party, the Court must determine "whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Id.*

### B.  Plaintiff's Response to Defendant's Statement of Material Facts

As a preliminary matter, the Court must address DeBord's response in opposition

to Peoples Benefit's statement of material undisputed facts in support of its motion for summary judgment.

Under the Local Rules of this Court, a party's response to an opposing party's statement of material facts "shall contain individually numbered, concise, non-argumentative responses according to each of the movant's numbered undisputed material facts." LR 56.1B.(2)(a)(1), NDGa. Most importantly, "[t]his Court will deem each of the movant's facts as admitted unless the respondent ... points out that the movant's citation does not support the movant's fact...." LR 56.1B.(2)(a)(2), NDGa.

In each of his responses, DeBord either admits the fact as stated by Peoples Benefit or states that it is denied and asserts that the citation does not support the fact. Although DeBord has nominally complied with the local rules by indicating that the movant's citations fail to support the movant's facts, see LR 56.1 B.(2)(a)(2), NDGa, the Court finds that there is no merit to DeBord's assertions; the stated facts *are* supported by the citations Peoples Benefit lists.

### C. Timeliness of Notice of Claim and Proof of Loss Submission

Peoples Benefit asserts that DeBord's claim to the accidental death benefits fails as a matter of law because Peoples Benefit did not receive timely notice of the claim and proof of loss.

■ Under Georgia law, insurance policy provisions that require notice of death and written proof of loss be submitted within a certain specified time before a beneficiary may recover are valid condition precedents to the enforcement of the policy. *Equitable Life Assurance Soc'y of U.S. v. Hollingsworth,* 103 Ga.App. 505, 505, 119 S.E.2d 725, 726 (1961); *see also Metro. Life Ins. Co. v. Jackson,* 79 Ga.App.

263, 265–66, 53 S.E.2d 378, 380 (1949) (finding that notice of claim and written proof-of-loss provisions are valid and enforceable); *Richmond v. Farm Bureau Mut. Ins. Co.,* 140 Ga.App. 215, 221, 231 S.E.2d 245, 250 (1976) (finding that notice provisions expressly made condition precedents to an insurer's liability "are valid and must be complied with, absent a showing of justification").

■ When a plaintiff's recovery on an insurance policy "depends on a condition precedent, to be performed by him, he must allege, and prove the performance of such condition precedent, or allege a sufficient legal excuse for its nonperformance." *Wolverine Ins. Co. v. Sorrough,* 122 Ga. App. 556, 560, 177 S.E.2d 819, 822 (1970) (quoting *Griswold v. Scott,* 13 Ga. 210 (1853)); *see Richmond,* 140 Ga.App. at 221, 231 S.E.2d at 250 ("Where an insured has not demonstrated justification for failure to give notice according to the terms of the policy, and where the insurer has not waived compliance with the terms or any objections to the insured's failure, then the insurer is not obligated to provide either a defense or coverage.").

■ In this case, DeBord has admitted that he did not send Peoples Benefit written notice of his claim until two months after his father's death, thirty days after the policy's time requirement. DeBord argues that his submission was still timely, however, because he sent it "as soon as possible." He further asserts that the issue of whether he submitted notice "as soon as possible" is a question of fact for a jury to determine.

■ It is true that time limitations in an insurance policy requiring notice "as soon as possible" are generally "subject to a factual determination." *Norfolk & Dedham Mut. Fire Ins. Co. v. Cumbaa,* 128

Ga.App. 196, 198–99, 196 S.E.2d 167, 170 (1973). However, "under all the facts and circumstances of a particular case it may be found that an insured's delay in giving notice of an accident to his insurer was unjustified . . . [and] the court may rule on the question as a matter of law." *Richmond,* 140 Ga.App. at 220–21, 231 S.E.2d at 249.

■ Before a question of fact can be presented to a jury about whether notice was provided as soon as possible, the beneficiary must come forward with an excuse or explanation for not complying with the provision sooner. *See Norfolk,* 128 Ga. App. at 198–99, 196 S.E.2d at 169–70 ("The questions of the sufficiency of the excuse offered, and the diligence of the beneficiary in giving the notice after the removal of the disability, are generally questions of fact, to be determined by [a] jury, according to the nature and circumstances of each individual case."); *Richmond,* 140 Ga. App. at 220, 231 S.E.2d at 249 (finding that "[i]n many cases an insured may be able to present evidence of excuse or justification for the delay"); *Wolverine Ins. Co.,* 122 Ga.App. at 561, 177 S.E.2d at 822 (finding that failing to perform a condition precedent in the time required, "absent a showing of justification" or facts offered as an excuse by the insured, bars recovery).

However, DeBord does not provide any explanation regarding why he could not submit notice of his claim sooner than he did. He simply asserts that his notice was timely because it was submitted as soon as possible. Therefore, DeBord's untimely submission is unjustified, and no question of fact for the jury has been created. *See Richmond,* 140 Ga.App. at 220–21, 231 S.E.2d at 249.

■ Even if DeBord's notice of claim was timely, the completion of the written proof-of-loss requirement was not. The policy required that written proof of loss

be provided within ninety days, or, at most, within one year, unless legally impossible to do so. DeBord does not argue that he was legally unable, or even that it was not reasonably possible, to fully comply with the provision. Indeed, DeBord again offers no excuse or justification for his failure to execute the actual proof-of-loss form within the time required.

■ DeBord does argue, however, that even if the notice of claim and proof of loss were untimely, Peoples Benefit is not entitled to summary judgment because it waived any rights of denial it had under the policy.

■ Waiver of policy provisions may result from conduct leading an insured to believe that the insurer does not intend to require compliance with the provisions. *See Barkley v. Am. Nat'l Ins. Co.,* 36 Ga.App. 447, 136 S.E. 803 (1927). Evidence that an insurer "expressly or impliedly took a position indicative of its intent not to enforce satisfaction of the timely notice requirement" would be enough to waive the requirement. *Brazil v. Gov't Employees Ins. Co.,* 199 Ga.App. 343, 343, 404 S.E.2d 807, 808 (1991).

DeBord points to three separate letters from Peoples Benefit between August and December 2003 as evidence that Peoples Benefit had waived the provisions of its policy. These letters notified DeBord that evaluation of his claim could not proceed until a completed claim form was received. They also stated that the claim would be evaluated once the required information was received.

The Court finds that DeBord's argument is inconsistent with O.C.G.A § 33–24–40, which provides:

> Without limitation of any right or defense of an insurer otherwise, none of the following acts by or on behalf of an

insurer shall be deemed to constitute a waiver of any provision of a policy or of any defense of the insurer under the policy:

(1) Acknowledgment of the receipt of notice of loss or claim under the policy;

(2) Furnishing forms for reporting a loss or claim, for giving information relative to the loss or claim, or for making proof of loss or receiving or acknowledging receipt of any forms or proofs completed or uncompleted; or

(3) Investigating any loss or claim under any policy or engaging in negotiations looking toward a possible settlement of any loss or claim.

The letters from Peoples Benefit merely "acknowledg[ed] receipt of any forms or proofs [of loss] completed or uncompleted" and informed DeBord that evaluation of the claim would only continue once the forms were received. Further, there is no evidence that Peoples Benefit, after receiving notice from DeBord, either "expressly or impliedly took a position accepting or rejecting coverage which was inconsistent with its eventual invocation of the untimely notice defense." *Brazil*, 199 Ga.App. at 344, 404 S.E.2d at 808. Therefore, Peoples Benefit did not waive any rights regarding the notice and proof-of-loss provisions of the policy, and thus the provisions are valid and enforceable condition precedents that "must be complied with, absent a showing of justification." *Richmond*, 140 Ga.App. at 221, 231 S.E.2d at 250.

The Court finds that because DeBord has not shown any justification, his failure to fully comply with the policy's provisions was unjustified and unreasonable. As a result, his claim to the accidental death benefits fails as a matter of law.

### D. Evidence of Accidental Death

■ Assuming, *arguendo*, that DeBord's notice of claim and proof of loss were timely submitted, he would still be unable to recover accidental death benefits because he has failed to produce sufficient evidence to support a finding that his father's death resulted from a "bodily injury, caused by an accident, directly and independently of all other causes."

A moving party is entitled to judgment as a matter of law if a nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. 2548. DeBord has the burden of proving that his father's death was covered by the policy. *Cook v. Life Ins. Co. of Ga.*, 111 Ga.App. 277, 278, 141 S.E.2d 607 (1965). However, he has not put forth any evidence of death by accidental means. He has not offered any medical expert testimony rebutting Dr. Smith's conclusion that the decedent died from natural causes. Nor has he offered evidence of any trauma or injuries found on the deceased that could have caused or contributed to his death. He also has not produced any witnesses to the death.

Moreover, the uncontradicted testimony of the investigating officer further suggests that Mr. DeBord's death was not caused by a bodily injury. The officer found blood and deer hair on the hood of the car, not on the front, and also observed evidence that led him to believe that the deceased had found the deer on the road, placed it on the hood of his car, and was attempting to take it home when he died, and therefore probably did not hit the deer.

■ Under Georgia law, "[w]here one is insured against personal bodily injuries effected through external, violent, and accidental means, and there is *evidence tending to show* that an injury received by the insured resulted from such means, the jury

should determine, as a question of fact, whether the injury did result from accidental means." *Liberty Nat'l Life Ins. Co. v. Morris,* 132 Ga.App. 631, 643, 208 S.E.2d 637, 644 (1974) (emphasis added). Here, DeBord has produced little more than speculation for his assertion that his father's death was within the policy coverage. The mere fact that the insured was found in his car with superficial scratches and bruises, near the body of a deer, is not sufficient "evidence tending to show" that the death was the result of a bodily injury caused by an accident. *See Anderson,* 477 U.S. at 252, 106 S.Ct. 2505 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). Thus, there is no question of fact for a jury to determine.

### III.  Conclusion

For the foregoing reasons, the Court GRANTS Peoples Benefit's motion for summary judgment [26]. The CLERK is DIRECTED to close this case.

### *JUDGMENT*

This action having come before the court, Honorable Timothy C. Batten, Sr., United States District Judge, for consideration of defendant's Motion for Summary Judgment, and the court having granted said motion, it is

**Ordered and Adjudged** that the plaintiff take nothing; that the defendant recover its costs of this action, and the action be, and the same hereby, is **dismissed.**