38761. BRAND v. POPE.

DECIDED APRIL 10, 1961.

*Cook, Llop & Long, Thomas F. Choyce, Joseph L. Llop,* for plaintiff in error.

*Hurt, Gaines, Baird, Peek & Peabody, Joe C. Freeman, Jr.,* contra.

NICHOLS, Judge. The allegations of the plaintiff's petition show that she was an invitee in the defendant's home and that she was injured while she occupied such status. The allegations of negligence are all based on the premise that the defendant should not have had a glass sliding door between the "living room" and the "Florida room" of his home, for no defect in the construction of the door itself was alleged nor was it alleged that the defendant was negligent in the maintenance of such door other than allowing it to be closed without prior warning to the plaintiff.

Before a recovery is authorized for the plaintiff in an action against an owner and occupier of land for injuries occasioned by the plaintiff while an invitee on such premises it must be shown that the conditions allegedly causing the injuries were less safe than those provided by ordinarily prudent owners and occupiers of land for their invitees. See *Pettit v. Stiles Hotel Co.,* 97 Ga. App. 137 (102 S. E. 2d 693), and citations.

Nor does the mere fact that a plaintiff is injured without fault on her part authorize a recovery, for it is the negligence of the defendant in a tort action that authorizes the recovery of damages by the plaintiff and not merely the injury, for if neither party is negligent the occurrence is an "accident" in the eyes of the law, and no recovery is authorized in such cases. See *Fair v. Huddle,* 98 Ga. App. 466 (106 S. E. 2d 72), and citations.

The sliding door in the present case was between rooms of the defendant's home and certainly, in the absence of allegations

that the rooms were constructed in a manner that suggested the absence of the door (e.g:, a finished archway with no. provisions for a door) a door is expected between rooms.. The plaintiff alleged that the "door was composed of clear glass and unmarked in any manner." Construing such allegation, as it must be construed on general demurrer, against the pleader, it must be construed as alleging that the *glass panel* was not detectable but not as an allegation that no "metal" or other hardware was used in constructing the door (frame, handle, lock, etc.), or that no track was provided for such door to move in when it was being opened and closed.

In the case of Rosenberg v. Hartman, 313 Mass. 54; 55 (46 N. E. 2d 406), the Supreme Court of Massachusetts said, with reference to a case wherein the plaintiff was injured when he walked into a closed door at the entrance of a store: "We do not think negligence ought to be found merely because the door was made of one large piece of glass. It could not have been wholly invisible. Its handles, lock, and fittings were in plain sight. A door is to be expected at the entrance of a store. A door of this kind is to be classed with other forms of construction such as various types, whether new or old, of doors, floors, stairs, and ramps, not out of repair, upon which it is possible for an invitee to receive injury, but which are not of such a character that danger is reasonably to be anticipated from them to persons exercising ordinary care." While such decision is, of course, not binding upon this court, the holding is sound and applicable to the facts in the present case. The door was to be expected, and under the allegations of the petition; it could not have been completely invisible and, since no defect in the manner of construction was alleged, the plaintiff's petition was properly dismissed on general demurrer, since the petition nowhere makes it appear that the premises were less safe than those provided by ordinarily prudent owners and occupiers of land. And it is only where premises are less safe than those provided by ordinarily prudent owners and occupiers of land that a warning need be given to an invitee of their condition.

*Judgment affirmed. Felton, C.J., and Bell, J., concur.*