39313.  SANDERS v. ALPHA GAMMA ALUMNI
CHAPTER OF THE DELTA SIGMA PHI
FRATERNITY et al.

DECIDED JUNE 13, 1962.

138

*Hugh G. Head, Jr.*, for plaintiff in error.

*T. J. Long, Ben Weinberg, Jr.*, contra.

BELL, Judge. We are called upon in this case to consider the possibility of error in the granting of a motion for summary judgment where the only documents appearing in the record are the petition, the answer, and certain portions of the deposition of the plaintiff, Mrs. Susan L. Sanders. The deposition was taken by the opposite parties on cross-examination, and those fragments of it offered in evidence at the summary judgment hearing were tendered by the movants in support of the motion. No evidence of any kind was offered by the plaintiff in opposition to the motion.

It is urged in the defendants' brief that the case of *Brand v. Pope*, 103 Ga. App. 489 (119 SE2d 723) controls this case and demands affirmance of the judgment of the trial court granting the motion for summary judgment.

The *Brand* case was brought to recover for injuries sustained when the plaintiff walked through a glass door. The petition there and the one here are similar in most of their relevant aspects. In each the glass was alleged to be neither visible nor obvious, and where located, constituted a dangerous and unsafe condition. One of the holdings in *Brand* was that a failure to negate by allegations the presence of metal or other hardware in the construction of the door or of a track for the door to move upon as it was being opened or closed, was sufficient to put the plaintiff on notice of the presence of the door. In this case the petition seeks to evade this ruling by alleging that the fixed glass panel was supported by two mullions or posts but that these were hidden by hanging draperies or curtains. This

attempted evasion can not be effective as it is certainly a matter of common knowledge that hanging draperies or curtains generally are used to embellish glass windows or partitions. If the presence of hardware in a glass door is sufficient to put one on notice as to the existence of a glass door (as per *Brand*), then all the more, we would think, hanging draperies or curtains would serve to put one on such notice.

Thus, it is quite apparent that the petition here would be subject to general demurrer under the authority of *Brand*. But we are not now concerned with a general demurrer. We are reviewing the grant of a motion for summary judgment and must consider the answer and the evidence as well as the petition to determine if there is present in the case a substantial issue of fact.

The evidence here does not authorize the grant, as it does not show knowledge on the part of the plaintiff of either the metal posts framing the fixed glass panel or the hanging draperies concealing them. All of the testimony in the record relating to metal fixtures or runways for glass doors involved only those associated with the *sliding* glass doors which had been removed and which were not responsible for the mishap under suit.

The petition and the answer, when considered together as we must do on motion for summary judgment, clearly presents an issue of fact which is not resolved by the evidence.

In paragraph 19 (a) of the petition it is specially alleged that the fixed glass panel was set between two small mullions or posts which were concealed by hanging drapes or curtains. As explained above, this allegation on general demurrer would bring the case in point with *Brand*. It follows that if the paragraph had been admitted as being true by the answer, on summary judgment there would be no issue of fact and we could affirm the grant of the motion. Where there is no genuine issue as to a material fact a summary judgment may be granted upon the pleadings alone. *Dillard v. Brannan*, 217 Ga. 179 (3) (121 SE2d 768); 6 Moore Fed. Prac. (2d Ed.), 2058, § 56.11 (1); 2063 et seq., § 56.11 (2); Reynolds v. Needle, 132 F2d 161, 6 F.R. Serv. 56 c 431, case 1.

However, the answer categorically denies the truthfulness of

paragraph 19(a) which is sufficient to create a substantial issue of fact. Unlike the rule on general demurrer, the petition where the defendant moves for a summary judgment is to be construed liberally in favor of the complainant. 6 Moore Fed. Prac. (2d Ed.) 2063-4, § 56.11, and Gunn v. Assn. of Casualty & Surety Executives, 16 F.R. 56 c 41, case 1.

The situation here is different from that in *Scales v. Peevy,* 103 Ga. App. 42 (118 SE2d 193) where the sole issue involved (i.e. whether one of the defendants furnished a family purpose car for the use of the other defendants) was specifically negated by the uncontradicted testimony of the parties defendant presented at the hearing on the motion for summary judgment. Here if the plaintiff's testimony had shown that she had knowledge of the existence of the posts supporting the fixed glass panel or of the draperies which concealed the posts, then this case would be controlled by *Scales* and the trial judge could have pierced the pleadings, and awarded a summary judgment and we would affirm the grant.

On motion for summary judgment where the petition and the answer construed together present an issue as to a material fact, and this issue is not conclusively eliminated by uncontradicted testimony offered at the hearing, the issue remains in the case and a judgment granting the motion must be reversed.

*Judgment reversed. Felton, C. J., and Hall, J., concur.*