42818. LUCAS v. MIXON, by Next Friend, et al.

ARGUED JUNE 7, 1967—DECIDED JUNE 16, 1967—
REHEARING DENIED JULY 6, 1967.

148

Richardson, Doremus & Karsman, W. Ward Newton, Stanley Karsman, for appellant.

Cowan, Zeigler, Downing & McAleer, Richard T. Cowan, George N. P. Pahno, for appellees.

JORDAN, Presiding Judge. The defendant contends, as the appellant before this court, that by reason of the testimony of the plaintiffs obtained by deposition at his request, he has pierced and disproved the allegations of each complaint charging him with liability under the family-purpose doctrine, and that as a matter of law the facts of the occurrence show that the stepson was not guilty of gross negligence. These contentions are without merit.

"A primary purpose of the summary judgment procedure is to allow a party to pierce the allegations of the pleadings and show the truth to the court and receive judgment where there is no genuine issue of material fact, although an issue may be raised by the pleadings." Scales v. Peevy, 103 Ga. App. 42 (3) (118 SE2d 193). "On motion for summary judgment, where the petition and the answer construed together present an issue as to a material fact, and this issue is not conclusively eliminated by uncontradicted testimony offered at the hearing, the issue remains in the case and a judgment granting the motion must

be reversed." *Sanders v. Alpha Gamma Alumni Chapter of the Delta Sigma Phi Fraternity*, 106 Ga. App. 137 (126 SE2d 545). "Unlike the rule on general demurrer, the petition where the defendant moves for a summary judgment is to be construed liberally in favor of the complainant." *Sanders*, supra, at p. 140.

Viewing the petitions in the light of the rule of liberal construction recognized in the *Sanders* case, each of the plaintiffs shows a right of recovery under the family-purpose doctrine for injuries received as the result of the gross negligence of the defendant's stepson. In view of the denial of these material allegations by the defendant, the pleadings create issues which the plaintiffs must eventually prove in order to establish the defendant's liability.

Unlike the *Scales* case, however, where the defendant, as the movant for summary judgment, produced uncontradicted evidence to show as a matter of law that he was not liable under the family-purpose doctrine, the defendant in the present case relies on testimony by the plaintiffs which does not disprove the alleged authorized use of the vehicle for a family purpose by the defendant's stepson at the time of the collision, and falls far short of showing the absence of gross negligence on the part of defendant's stepson.

In order to sustain the contentions of the movant the record would have to demonstrate conclusively, through the plaintiffs' uncontradicted testimony or by other means, that in truth and as a matter of law the vehicle was not being used for a family purpose or that the defendant's stepson was not guilty of any gross negligence as the proximate cause of the collision. See *Sanders*, supra. In either event he would have eliminated adversely to the plaintiffs a controlling issue, in which case the plaintiff would be required to produce contradictory evidence to preserve the issue as a jury question, or else suffer summary judgment.

Under the circumstances here shown the trial judge properly overruled the motions.

*Judgment affirmed. Deen and Quillian, JJ., concur.*