43701. COLONIAL STORES, INC. v. WILSON.

ARGUED JUNE 4, 1968—DECIDED JULY 1, 1968.

*Ross & Finch, Claude R. Ross, I. J. Parkerson,* for appellant. *Zachary, Hunter, Zachary & Bowden, William E. Zachary, Jr.,* for appellee.

QUILLIAN, Judge. ■ The defendant contends that the motion for summary judgment should have been granted because the evidence before the court did not show that the defendant had either actual or constructive knowledge of the alleged dangerous

condition. To establish liability when the case goes to trial the plaintiff must carry the burden of proving that the defendant had either actual or constructive knowledge of the alleged dangerous condition. However, in the case sub judice we are now considering whether the defendant's motion for summary judgment is valid. In substance the defendant is contending that the summary judgment should be granted because one of the essential elements of the cause was not shown by the evidence presented in support of the motion. With this contention we cannot agree because there was no burden of proof upon the plaintiff to make out his case. The defendant having made the motion the burden was upon him to produce evidence which conclusively eliminated all issues in the case including the question of the defendant's knowledge of the alleged dangerous condition. *Sanders v. Alpha Gamma Alumni Chapter,* 106 Ga. App. 137 (126 SE2d 545). The only evidence before the court was the testimony in the depositions of the plaintiff and his wife. Assuming, but not deciding, that the evidence failed to establish that the defendant had the necessary notice, the testimony did not conclusively establish that the defendant was unaware of the alleged dangerous condition. This controlling issue not having been eliminated, the appellant's contention is without merit. *Lucas v. Mixon,* 116 Ga. App. 146 (156 SE2d 375).

■ The appellant further insists that the motion should have been granted because the evidence disclosed that the plaintiff's wife did not exercise ordinary care for her own safety because: (1) she testified she knew the ramp was there and was looking directly at it as she approached just prior to the time she fell, and (2) the position and condition of the ramp or plank were in her full view at all times.

The plaintiff's wife testified that she did not observe the fact that the ramp or plank was turned up on the edge when she stepped on it; she checked it after she fell and observed that it was turned up two or three inches on the edge. When asked why she did not see that it was turned up when she stepped on the ramp she replied, "I don't believe you would even see it unless you got down to look at it or felt it."

The plaintiff testified that the ramp was sprung approximately

2 to 2½ inches; you could not see that it was sprung because of "the shadow, the pavement and the shadow under the gangboard, you couldn't tell whether it was up or down."

The above evidence together with the allegations of the petition were sufficient to present a question for the jury whether the plaintiff's wife exercised ordinary care for her own safety.

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*