43986.    STANLEY v. CARPENTER et al.

JORDAN, Presiding Judge.  This is a companion case to *Carpenter v. Stanley,* 118 Ga. App. 113 (162 SE2d 761).  Mrs. J. Harvey Carpenter seeks to recover for loss of consortium because of the injuries which her husband sustained as a passenger in an automobile operated by the defendant Robert Wade Stanley which was struck in the rear by an automobile operated by the defendant Millard Greer.  Stanley appeals from an order overruling his motion for summary judgment. He enumerates as error this ruling and antecedent rulings on the pleadings.  *Held:*

1.  The enumerations directed to the refusal of the lower court to dismiss the petition and to require a more definite statement are without merit.  *Harper v. DeFreitas,* 117 Ga. App. 236 (1) (160 SE2d 260) ; *Consolidated Credit Corp. of Dalton v. Short,* 224 Ga. 369 (162 SE2d 435) ; Conley v. Gibson, 355 U. S. 41, 45 (78 SC 99, 2 LE2d 80) ; *Martin v. Approved Bancredit Corp.,* 224 Ga. 550, 551.

2.  The defendant, as the host driver of the automobile in which the plaintiff's husband was riding as a guest, seeks to avoid liability by way of summary judgment on the theory that there is no genuine issue of fact from which a jury could determine any gross negligence on his part as the proximate cause of the collision, and to support this theory relies primarily on the transcript of the evidence adduced in the companion case, cited supra, which resulted in a jury verdict in his favor.  The details of the occurrence, as related by this defendant, the defendant Greer, and others, reveal conflicts concerning the speed and position of the vehicles and the actions of the drivers.  Ordinarily, questions of negligence, including gross negligence, as the proximate cause of an occurrence, are issues for jury determination, which the courts will not resolve as a matter of law except in clear and undisputable cases.  The burden here is on the defendant, as the movant for summary judgment, to demonstrate con-

clusively that he neither did nor omitted to do anything which could be regarded as gross negligence or the failure to exercise slight diligence for the safety of his passenger. This he has not done, but instead the transcript of the evidence adduced in the trial of the companion case discloses a typical situation where the issues of negligence and proximate cause are for jury determination. Accordingly, the trial judge did not err in refusing summary judgment. See *Lucas v. Mixon,* 116 Ga. App. 146, 149 (156 SE2d 375); *Brown v. Iocovozzi,* 117 Ga. App. 693 (1) (161 SE2d 385); *Shadix v. Dowdney,* 117 Ga. App. 720 (162 SE2d 245); *Herrington v. Gray,* 117 Ga. App. 773 (162 SE2d 224); *Lanier v. Krzywicki,* 118 Ga. App. 54 (162 SE2d 839); *Bussey v. Dawson,* 224 Ga. 191, 193 (160 SE2d 834).

*Judgment affirmed. Pannell and Deen, JJ., concur.*

Submitted October 9, 1968—Decided November 4, 1968.

*Covington, Kilpatrick & Storey, J. S. Kilpatrick,* for appellant. *Wright, Walther & Morgan, Clinton J. Morgan, Robert D. Engelhart,* for appellees.