## 45424. METROPOLITAN LIFE INSURANCE COMPANY v. FORSYTH.

BELL, Chief Judge. Plaintiff brought this action to recover for medical expenses and weekly indemnity for accidental injury under the terms of an insurance policy. The insurer denied liability based on the exclusion of coverage for medical expense and weekly indemnity insurance when caused by any injury arising out of, or in the course of, any employment for wage or profit. Defendant's motion for summary judgment was denied and the order certified for direct appeal.

Plaintiff's hospitalization and disability occurred as a result of an accident while he was on a trip in a truck to obtain building materials to rehabilitate a building owned by his father. At his deposition, plaintiff testified that when injured he was not gainfully employed and that his only activity was helping his father in the operation of the latter's motel and a store by "going out and bringing a little stuff in to help keep the places open or something that way" for which he received no monetary pay but did receive board and room. He was not his father's partner.

Defendant argues that plaintiff was employed by his father at the time of his injury. Employment means the existence of the relationship of master and servant. *Griffin v. Hardware Mut. Ins. Co.,* 93 Ga. App. 801 (92 SE2d 871). In determining the existence of the relationship, the main consideration is the right of the employer to control the activities of the employee in the employment duties. *Cooper v. Dixie Constr. Co.,* 45 Ga. App. 420 (165 SE 152); *Griffin v. Hardware Mut. Ins. Co.,* 93 Ga. App. 801, supra. In the present case there is no evidence that plaintiff's father had the right to control the time, method, and manner in which plaintiff lent his father assistance in the lat-

ter's business ventures. To prevail on motion for summary judgment, the movant has the burden to produce evidence which conclusively eliminates all material issues in the case. *Colonial Stores v. Wilson,* 118 Ga. App. 120 (162 SE2d 750). Defendant has not sustained his burden and the judgment below is

*Affirmed. Quillian and Whitman, JJ., concur.*

SUBMITTED JUNE 1, 1970—DECIDED SEPTEMBER 18, 1970.

*Rogers, Magruder & Hoyt, Robert M. Brinson,* for appellant.
*Marson G. Dunaway, Jr., Richard C. Sutton,* for appellee.