### 54036. E. K. WRIGHT CONSTRUCTION COMPANY v. DIXIE METAL COMPANY.

BANKE, Judge.

The appellee sued the appellant on open account, and the appellant defended on the ground that the debt was owed by Mr. Rosson, for whom it was acting as agent. Summary judgment was granted in the appellee's favor, and the appellant appealed.

Due to the appellant's failure to answer requests for admission propounded by the appellee, the trial judge found that the appellant had admitted that it "ordered or caused to be ordered from plaintiff supplies or materials" which were charged to its accounts. CPA § 36 (a), Code Ann. § 81A-136 (a) (Ga. L. 1972, pp. 510, 528). Based upon the presumed admission, summary judgment was

granted.

1. We are unable to agree with the trial judge's conclusion that an admission that the appellant "ordered or caused to be ordered" certain supplies, resulted in resolving all genuine issues of material fact. The appellant's admission does not conflict with its contention that all supplies which it ordered from the appellee were obtained by it as an agent for Mr. Rosson. A genuine issue of material fact as to agency remained. See *Porter v. Murlas Bros. Commodities,* 134 Ga. App. 96 (2) (213 SE2d 190) (1975).

2. The appellee claims that to present a genuine issue of material fact the appellant would have been required to establish evidence that its agency was disclosed to the appellee. However, the burden of establishing the nonexistence of any genuine issue of fact would rest upon the party moving for summary judgment, the appellee in the instant case. *Ham v. Ham,* 230 Ga. 43, 45 (195 SE2d 429) (1973). Because neither party in its pleadings or evidence raised the question of whether the appellant's agency was disclosed, we cannot hold that the appellee met its burden of establishing the issue in its favor. "To prevail on motion for summary judgment, the movant has the burden to produce evidence which conclusively eliminates all material issues in the case." *Metropolitan Life Ins. Co. v. Forsyth,* 122 Ga. App. 463, 464 (177 SE2d 505) (1970).

*Judgment reversed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED JUNE 8, 1977 — DECIDED JUNE 29, 1977 — REHEARING DENIED JULY 19, 1977.

*Rudolph Sullivan,* for appellant.

*Berlin, Hodges & Greene, Bob Berlin, Fred H. Hodges, Jr.,* for appellee.