### 56644. TUCKER v. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY et al.

McMURRAY, Judge.

Plaintiff Tucker contracted with defendant Southern Bell Telephone & Telegraph Company for the publishing of an advertisement in the yellow pages section of certain telephone directories to promote his business as the authorized distributor of Cincinnati Time Recorder Company. The contract contained the provision that "[t]he Telephone Company's liability on account of errors in or omissions of such advertising shall in no event exceed the amount of charges for the advertising which was omitted or in which the error occurred in the then current directory issue and such liability shall be discharged by an abatement of the charges for the particular listing or advertisement in which the omission or error occurred." Plaintiff's business was not published as the authorized distributor for Cincinnati Time Recorder Company, but the business of defendant Bartlett, the former authorized distributor, was published as the authorized distributor for Cincinnati Time Recorder Company. Southern Bell concedes that the ad was not published as contracted with Tucker and has abated its charges for the erroneous ad. Tucker brought this action against Southern Bell alleging that the error in the yellow pages listing was due to the reckless conduct and indifference of Southern Bell resulting in loss of sales and service business to Tucker's business. Tucker also named Bartlett as defendant alleging that he had wrongfully exploited and taken advantage of the error in the yellow pages.

After discovery Southern Bell made its motion for summary judgment. Summary judgment was granted in

favor of Southern Bell against Tucker, and Tucker appeals. *Held:*

Tucker concedes that in view of the exculpatory contractual provision he must show wilful or wanton conduct or conduct so charged with indifference to the consequences as to justify the jury finding a wantonness equivalent in spirit to actual intent to injure him in order for him to recover from Southern Bell in this case. "Questions of negligence, including gross negligence, are ordinarily issues for jury determination (*Stanley v. Carpenter,* 118 Ga. App. 607 (2) (164 SE2d 883) (1968)), 'except in plain, palpable, and indisputable cases. [Cits.]' *Peacock v. Sheffield,* 115 Ga. App. 116, 121 (153 SE2d 619) (1967); *Macon Tel. Pub. Co. v. Graden,* 79 Ga. App. 230 (1d) (53 SE2d 371) (1949)." *Southern Bell Tel. &c. Co. v. C & S Realty Co.,* 141 Ga. App. 216, 218 (1b) (233 SE2d 9).

The leading case in Georgia concerning gross negligence in the context of telephone directory listing is *Southern Bell Tel. &c. Co. v. C & S Realty Co.,* 141 Ga. App. 216, supra. In that case a Southern Bell employee erroneously completed an order form so as to remove the listing and advertisement of C & S Realty Company from both the white and yellow pages. That error occurred when an order from a similarly named concern was ascribed to the account of C & S Realty Company. This court in reversing an award of damages by a trial jury against Southern Bell found no evidence to indicate anything other than inadvertent clerical error as the cause of the omission.

In the case sub judice Southern Bell has presented evidence that in order for a business to be listed under the trademark or logo of a national concern the business must be listed on a "national order" for advertising submitted to Southern Bell by agents of the national concern on the appropriate forms and directed to the appropriate officials within Southern Bell. It is further shown that plaintiff Tucker's advertising request is known within Southern Bell as a "local order," and that where there is a conflict a "local order" is superseded by a "national order." The affidavits of the Southern Bell employees assert that plaintiff Tucker's advertisement under the trademark or logo of Cincinnati Time Recorder Company was not

published because the "national order" had not been amended so as to substitute the name of plaintiff Tucker's business for the business of defendant, Bartlett, the former authorized distributor.

There is no factual dispute here that plaintiff Tucker was aware of the requirement that the national order needed to be amended in order that his "local order" advertisement be published. Further, there is evidence that both plaintiff Tucker and an employee of Southern Bell contacted officials of Cincinnati Time Recorder Company informing them of the requirement and requesting that appropriate action be taken. There is evidence that the advertising manager of Cincinnati Time Recorder Company informed Southern Bell by letter that plaintiff Tucker was authorized to use Cincinnati Time Recorder Company's logo and that he had succeeded defendant Bartlett as authorized distributor. Southern Bell was also aware of plaintiff Tucker's authority to use Cincinnati Time Recorder Company's logo due to a telephone conversation between a Southern Bell advertising sales person and a district manager for Cincinnati Time Recorder Company. Southern Bell asserts that these notices to it were not sufficient under its internal systems to effect the desired change. We cannot say, however, that the jury would be compelled to find that the erroneous listing here was not intentional or that slight diligence on the part of Southern Bell would not have prevented the errors which are the subject of this litigation. The trial court erred in granting defendant's motion for summary judgment.

*Judgment reversed. Webb, Smith, Shulman and Banke, JJ., concur. Bell, C. J., Deen, P. J., Quillian, P. J., and Birdsong, J., dissent.*

ARGUED OCTOBER 16, 1978 — DECIDED JANUARY 15, 1979 — REHEARING DENIED FEBRUARY 9, 1979 —

*Carl J. Wilson, Jr.,* for appellant.

*Jones, Cork, Miller & Benton, Thomas C. Alexander, H. Jerome Strickland, Warren C. Grice,* for appellees.

QUILLIAN, Presiding Judge, dissenting.

As stated in the majority opinion "Tucker concedes that in view of the exculpatory contractual provision he must show wilful or wanton conduct or conduct so charged with indifference to the consequences as to justify the jury finding a wantonness equivalent in spirit to actual intent to injure him in order for him to recover from Southern Bell in this case."

I do not feel that the facts of this case meet the above quoted test and in my opinion the trial judge was correct in granting the summary judgment.

I am authorized to state that Chief Judge Bell, Presiding Judge Deen and Judge Birdsong join in this dissent.