## A95A1457. MORRELL v. PEED BROTHERS, INC.
### (462 SE2d 798)

McMURRAY, Presiding Judge.

On June 7, 1993, at approximately 8:55 p.m., Lonnie Edward Morrell III (plaintiff's decedent) was riding a dirt bike on the real property of defendant Peed Brothers, Inc., when he encountered a steel cable across the path. The 29-year-old man was thrown from the bike and died at the scene of massive head injuries. In the ensuing wrongful death action, plaintiff Evelyn Morrell alleged that defendant was negligent "in securing the cable across the road, failing to prop-

erly mark the cable or otherwise make it visible, failing to warn of the hidden danger presented by the cable, and maintaining the hazard presented by the cable."

After discovery, defendant moved for summary judgment, based upon the following undisputed evidence: Defendant had posted the land against trespassers and that plaintiff's decedent had no express permission to enter the land. The cable, in place for three years, "was approximately one hundred yards from Highway 96 and several acres from the back boundary line of the property. When it was hung, the cable was marked with several reflectors and strands of reflective tape." Edgar McGee, a neighbor who heard the crash and found plaintiff's decedent, testified that, after the accident, "one reflector was still hanging on the cable." Donald Morrell, the decedent's brother, identified a photograph he took the day after the incident, showing "the cable across the road with a reflector on it." The trial court granted defendant's motion for summary judgment, and this appeal followed. *Held*:

Plaintiff enumerates the grant of summary judgment, contending that factual issues remain for jury determination on the issues of negligence, assumption of the risk, lack of care for one's own safety, lack of ordinary care in avoiding the consequences of another's negligence, and related issues. It is our view, however, that this case is controlled by the decision of the Supreme Court of Georgia in *Trammell v. Baird*, 262 Ga. 124 (413 SE2d 445). There, on facts indistinguishable from those in the case sub judice, the Supreme Court reversed the trial court's denial of summary judgment to the defendant landowner and held: "Consent to travel on the property [of another] cannot be implied even if the landowner has knowledge that others, on occasion, trespass on it. [*Crosby v. Savannah Electric &c. Co.*, 114 Ga. App. 193, 195 (1), 196 (150 SE2d 563)]." *Trammell v. Baird*, 262 Ga. 124, 125, supra. The Supreme Court concluded that a covered cable marked by black PVC pipe stretched across a private unpaved road constituted "no evidence of a mantrap. . . ." Id. at 125. Rather, such a covered cable constituted "a static condition on the premises. [Although the defendants in that case] owed [the trespasser] a duty not to wilfully or wantonly injure him[, the static condition represented by the covered cable across a private road] shows that [those defendants] did not breach this duty." Id. at 126. In the case sub judice, the existence of a cable marked by reflectors stretched across an unpaved road on posted private property is not any evidence that the defendant landowner breached its duty to refrain from wilfully or wantonly inflicting injury on a trespasser. The trial court correctly granted defendant's motion for summary judgment.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED OCTOBER 3, 1995.

*Ricky E. Jones*, for appellant.

*Self, Mullins, Robinson, Marchetti & Kamensky, Ronald W. Self*, for appellee.