A05A0562. HARRISON et al. v. PLANT IMPROVEMENT COMPANY, INC.

(616 SE2d 123)

BARNES, Judge.

Penny Harrison sued Plant Improvement Company, Inc., individually, as next friend of her three children, and as administratrix of her husband's estate. Harrison contended that the company was liable for negligence as the landowner of property on which her husband died. The trial court granted summary judgment to Plant Improvement, and Harrison appeals. For the reasons that follow, we affirm.

On October 20, 2001, 28-year-old Daniel Harrison was riding his cousin's new dirt bike, a motorcycle, on dirt roads in Gwinnett County. His cousin, his wife, Penny Harrison, and two of his children were following behind Harrison in a vehicle. Harrison drove ahead out of sight, and turned off the road onto a dirt trail that had an unmarked half-inch cable stretched across it at a height of approximately three feet. The cable passed through holes drilled in posts that were installed a foot or two outside the trail on either side, then looped around a tree trunk and was secured with a padlock. As the vehicle passed, Harrison's cousin saw Harrison lying on the trail and jumped out to find him bleeding from his ears, throat and chin. The cousin administered CPR, but Harrison died just as the ambulance crew arrived. The medical examiner later determined that his jaw and skull were fractured and the cause of death was blunt force head trauma.

Penny Harrison sued the property owner, Plant Improvement, for maintaining a mantrap by allowing the unmarked cable to remain

across the trail where a motorcyclist would not be able to see it before hitting it. The defendant responded that Daniel Harrison was a trespasser, and it fulfilled its duty not to wilfully or recklessly injure him. Plant Improvement moved for summary judgment, arguing that it no longer owned the property, having conveyed a portion of it to Gwinnett County 15 days before this incident and therefore owed no duty to the decedent. Alternatively, Plant Improvement argued that it did not wilfully or intentionally injure Daniel Harrison.

The trial court granted the motion, holding that

> the steel cable served as a barrier to four wheelers and bikes. Howington [who formerly leased the land for a hunting club] testified he had observed four wheeler tire tracks around the two posts but he was not aware of any dirt bikes coming onto the trail. The evidence is insufficient to infer that the cable was installed for the deliberate purpose of doing injury to trespassers in general or to any particular trespasser including the decedent. The cable was not unobservable, hidden or dangerous but was an open and obvious static condition. Likewise, the mere existence of the unmarked cable cannot be used to infer an intent to harm.

1. On appeal we review the trial court's grant of summary judgment de novo to determine whether the evidence, viewed in the light most favorable to the nonmoving party, demonstrates a genuine issue of material fact. Summary judgment is proper only when no issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Preferred Real Estate Equities v. Housing Systems*, 248 Ga. App. 745 (548 SE2d 646) (2001). Further, when ruling on a motion for summary judgment, a court must give the opposing party the benefit of all reasonable doubt, and the evidence and all inferences and conclusions therefrom must be construed most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843) (1988). On motions for summary judgment, however, courts cannot resolve the facts or reconcile the issues. *Fletcher v. Amax, Inc.*, 160 Ga. App. 692, 695 (288 SE2d 49) (1981). When reviewing the grant or denial of a motion for summary judgment, this court conducts a de novo review of the law and the evidence. *Desai v. Silver Dollar City, Inc.*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997).

2. Harrison argues that the trial court erred in granting summary judgment to Plant Improvement, contending that the trial court's factual findings had no support in the record; the court applied the law incorrectly; and Plant Improvement's knowledge of and failure to correct the danger constituted conscious indifference. Plant

Improvement responds that it did not own the property, that the trial court's factual findings were correct, and that as a matter of law the cable did not constitute a mantrap. In finding for Plant Improvement, the trial court held that "[t]he issue of agency and ownership of the property are not dispositive. The solution to this case rests upon whether the cable wire constituted a hidden peril or mantrap so that its existence can be used to infer a willful and wanton intent to harm the decedent trespasser." If the evidence establishes that the cable wire was not a hidden peril or mantrap, then our inquiry ends and we need not address how the property transfer 15 days earlier, with a reversionary interest expiring 15 days later, affects this claim.

The trial court found that the parties do not dispute that Daniel Harrison was a trespasser. While Penny Harrison does not admit that in her brief to this court, she argues that Plant Improvement breached the duty owed to a trespasser, and therefore we will consider that issue.

Generally, a person who owns or controls property owes no duty to a trespasser upon it, except not to wilfully or recklessly injure him or set a mantrap. *Trammell v. Baird*, 262 Ga. 124, 125 (413 SE2d 445) (1992).

> The doctrine of mantrap or pitfall is rested upon the theory that the owner is expecting a trespasser or licensee and has prepared the premises to do him injury. [Cit.] There is no allegation of any active negligence on the part of the defendant in the preparation of the premises to do plaintiff any injury. This may happen where the owner has deliberately set a trap gun, or has concealed a danger, hiding it with some cover insufficient to prevent injury. It may result from a knowledge of the owner of the existence of the dangerous condition coupled with a conscious indifference to the consequences, so that an intent to inflict injury is inferable. [Cit.] "The general rule supported by the authorities is that, while a landowner cannot intentionally injure or lay traps for a trespasser (or a licensee) upon his land, he owes no other duty to him." Cooley, Torts (4th Ed.) 186, 199, § 440.

*Kahn v. Graper*, 114 Ga. App. 572, 576 (2) (152 SE2d 10) (1966). See also *Crosby v. Savannah Elec. & Power Co.*, 114 Ga. App. 193, 198-201 (150 SE2d 563) (1966) for a review of cases in which the court held a mantrap existed (e.g., setting a trap gun to stop animals or humans; allowing sawdust pile to accumulate under high voltage uninsulated electric line while children played on it; unlit opening in walkway from dock to ships) or did not exist (e.g., door opening into dark, empty space below; porch with porous base severed from destroyed house;

unlit stairway near apartment entrance; bulldozer soil pan that fell on child playing beneath; easily dislodged logs piled next to public street; a concealed ditch; an unloaded clay-pigeon trap; gasoline left accessible to children with matches; mechanically operated iron gate bar; open cistern partially filled with water; uncovered and unguarded excavation; excavation on construction lot; and ventilation pit at back of lot).

> The duty to use ordinary care to avoid injuring a trespasser after his presence and danger are actually known is, in point of fact, merely the duty not to injure him wantonly and wilfully. Further, it is considered wilful or wanton not to exercise ordinary care to protect anticipated trespassers from dangerous activities or hidden perils on the premises. However, where the alleged negligence arises from static or passive conditions, the landowner owes the anticipated trespasser a duty not to injure him wilfully or wantonly.

(Citations and punctuation omitted.) *Trammell v. Baird*, supra, 262 Ga. at 125-126.

The dirt-colored cable across the dirt trail in this case is a "static or passive" condition, which under our case law must have been placed with the intent of doing harm to an anticipated trespasser to give rise to liability. The record contains no evidence of such an intention to do harm, and no evidence that anyone ever saw another motorcyclist in the area. We have affirmed the grant of summary judgment to the defendant landowner in a very similar case. The decedent was riding a dirt bike on land posted "No Trespassing," struck a cable stretched across his path, and died of massive head injuries. The cable was originally hung with several reflectors when installed three years earlier, but only one remained when the decedent hit it. We held that "the existence of a cable marked by reflectors stretched across an unpaved road on posted private property is not any evidence that the defendant landowner breached its duty to refrain from wilfully or wantonly inflicting injury on a trespasser." *Morrell v. Peed Bros., Inc.*, 218 Ga. App. 656, 657 (462 SE2d 798) (1995).

In the particular facts of this case, the existence of the cable is also not evidence that the defendant landowner intended to inflict harm on a trespasser, either wilfully or wantonly. While the hunting club lessor testified that, during his lease, he hung reflective flags on the cable for safety because the clay-encrusted cable was difficult to see against the dirt path, no unequivocal evidence established that the landowner had reason to anticipate that motorcyclists would be

using the path. The lessor testified that he had only seen four-wheelers go around the posts with the cable, but he never saw any motorcycle tracks or motorcyclists. Although injury to a potential trespasser on a motorcycle was certainly foreseeable, given that a dirt-colored cable stretched across a dirt trail, the evidence does not compel a finding that such injury was intentional. Therefore, we affirm the trial court's grant of summary judgment to Plant Improvement.

In view of our disposition of the case on these grounds, Harrison's remaining enumerations are moot.

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED JUNE 9, 2005 —
RECONSIDERATION DENIED JUNE 23, 2005 — 

*Catherine M. Packwood, Henry B. Staley, Peter F. Boyce,* for appellants.

*Hawkins & Parnell, Michael J. Goldman, Mahaley C. Paulk,* for appellee.