## A06A0853. BUCE v. FUDGE.
(635 SE2d 788)

SMITH, Presiding Judge.

Elizabeth Fudge brought this premises liability action seeking damages for personal injuries she sustained while at the home of Patricia Buce. Following the trial court's denial of Buce's motion for summary judgment, this court granted her application for interlocutory appeal. We hold that the trial court erred in denying Buce's motion for summary judgment, and we therefore reverse.

"We conduct a de novo review of the evidence in an appeal from a ruling on summary judgment. A party is entitled to summary judgment only when no genuine issue of material fact exists and judgment as a matter of law is warranted." (Citations and footnotes omitted.) *Suggs v. Hale*, 278 Ga. App. 358 (629 SE2d 11) (2006). The facts are undisputed here. Buce allowed her friends, Gaye and Roger Flynt, to stay at her home while she was out of town. The Flynts invited their friend Fudge to Buce's home for lunch one afternoon. While at the home, Fudge leaned against a brick guard wall at the end of the carport. Fudge was injured when the wall collapsed, causing her to fall onto a flight of exterior wooden stairs. Buce was not aware that Fudge was on her property at the time of the incident. Buce was, however, aware that some bricks were loose to the left of the section of guard wall where Fudge fell and did not warn the Flynts.

Citing *Bartlett v. Maffett*, 247 Ga. App. 749 (545 SE2d 329) (2001), Buce argues that she had no duty to Fudge because she was unaware of Fudge's presence on the premises. Buce argues further that Fudge was a licensee,[1] and that she therefore would only be liable to Fudge for wilful and wanton conduct because there is no evidence that the defective wall was a mantrap or a pitfall.

Fudge argues that the defective wall was a mantrap or pitfall, and that Buce failed to warn visitors about the potentially hazardous

---

[1] The parties do not dispute that Fudge's status is that of a licensee. Fudge was permitted onto the premises for her own interests. See OCGA § 51-3-2 (a) (3).

condition. Fudge also contends that Buce's admission that she was aware of the condition of the wall created a question of fact as to liability.

Under OCGA § 51-3-2 (b), the owner of premises "is liable to a licensee only for willful or wanton injury." And a landowner is liable to a licensee by a condition on the land

> if, but only if, (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and (c) the licensees do not know or have reason to know of the condition and the risk involved.

(Citations and punctuation omitted.) *Patterson v. Thomas*, 118 Ga. App. 326, 328 (163 SE2d 331) (1968). The question presented here is whether a homeowner, with knowledge of a hazardous condition, is liable to a licensee injured on the property when the homeowner is unaware of the licensee's presence on the property.

Fudge argues that this court's recent decision in *Collins v. Glover*, 273 Ga. App. 352 (615 SE2d 194) (2005), is controlling here. In *Collins*, the licensee was injured when she fell on ice in the homeowner's backyard. Id. The homeowner was aware that the licensee was coming to visit and was also aware that an outside faucet leaked, that temperatures had fallen below freezing, and that the licensee had previously entered through doors in the back of the home. Id. We held that summary judgment for the homeowner was not authorized under those circumstances. Id. at 354.

The authority cited by Buce, *Bartlett*, holds that "[t]he duty an owner owes to a licensee arises after the owner becomes aware of or should anticipate the presence of the licensee near the peril." (Citation and footnote omitted.) *Bartlett*, supra, 247 Ga. App. at 750. In that case, a minor was injured while playing with a chain hoist in a shed in the back of the homeowners' property. Id. Although the homeowners were aware that the minor was on their property, we held that "[s]ince [he] was a mere licensee and the [homeowners'] lack of knowledge of his presence in the shed was undisputed," the trial court's grant of summary judgment for the homeowners was appropriate. Id. at 752.

Similarly here, the evidence is undisputed that Buce had no knowledge of Fudge's presence on her property. There is also no evidence that Buce should have reasonably anticipated Fudge's presence as the homeowner did in *Collins*. Although Buce was aware

that Fudge was a friend of the Flynts, Fudge had not previously visited Buce's home, the Flynts did not inform Buce that they intended to invite Fudge or any other guest to the home, and Buce did not give the Flynts permission to have guests at her home. The record is clear that the Flynts were the only licensees that Buce was aware of on her property and that Buce did not anticipate the presence of any other licensees. Under these circumstances, no genuine issue of material fact remained, and Buce was entitled to judgment as a matter of law. See *Bartlett*, supra, 247 Ga. App. at 752. We therefore hold that the trial court erred in denying Buce's motion for summary judgment.

We reject Fudge's contention that the defective wall was a mantrap or pitfall. "The doctrine of mantrap or pitfall is rested upon the theory that the owner is expecting a trespasser or licensee and has prepared the premises to do him injury." (Citations omitted.) *Harrison v. Plant Improvement Co.*, 273 Ga. App. 884, 886 (2) (616 SE2d 123) (2005). The facts of this case do not present such a circumstance.

*Judgment reversed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED AUGUST 2, 2006 —
RECONSIDERATION DENIED AUGUST 22, 2006 — 

*Gray, Hedrick & Edenfield, Lloyd B. Hedrick, Jr.*, for appellant.
*Green, Johnson & Landers, Lawrence J. LoRusso*, for appellee.