A07A0190. ELLIS v. HADNOTT.
(639 SE2d 559)

BLACKBURN, Presiding Judge.

Following the entry of summary judgment against him in his personal injury action against James Hadnott, Dwayne Ellis appeals pro se, arguing that Hadnott breached a duty owed to Ellis as licensee when Ellis tripped over a broom handle in Hadnott's residence. Because the duty owed licensees pertains to hidden perils and dangerous acts, we affirm, holding that under the undisputed facts of this case, the broom handle was not a hidden peril or a dangerous act.

1. Summary judgment is only proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[1] A de novo standard of review applies to an appeal from

---

[1] OCGA § 9-11-56 (c).

a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*[2]

So viewed, the evidence shows that Hadnott allowed Ellis to stay at Hadnott's home as a favor to Ellis's brother, who was Hadnott's friend. As Ellis paid no rent nor helped with any household bills nor performed any household chores, he concedes that his staying at the residence as a house guest was of no benefit to Hadnott. Accordingly, he does not contest on appeal that he was a licensee under OCGA § 51-3-2 (a). See *Moon v. Homeowners' Assn. of Sibley Forest*[3] (under Georgia law, a social guest is a licensee).

During his stay at the residence, Ellis woke early one morning while it was still dark and went to get something from the kitchen. As he passed from the lighted hallway into the den on his way to the kitchen, he turned on the den's light and immediately stumbled over (i) a broom handle leaning against a couch, (ii) some tools on the floor, and/or (iii) the couch corner, falling and suffering injury. Ellis testified that he did not see the plainly-visible broom handle and tools right in front of him because he was looking up and straight ahead toward the kitchen at the other end of the room.

When Ellis sued Hadnott for personal injury, the trial court granted Hadnott's motion for summary judgment, holding that Hadnott breached no duties owed to Ellis as licensee. See OCGA § 51-3-2 (b) ("[t]he owner of the premises is liable to a licensee only for willful or wanton injury"). We agree and affirm.

This statutory liability for wilful or wanton injury to licensees means that "[t]he landowner or occupier of the premises owes a duty to a licensee only to avoid knowingly letting him run upon a hidden peril or wilfully causing him harm." *Mansfield v. Colwell Constr. Co.*[4] See *Cooper v. Corporate Property Investors.*[5] Thus, where the owner (as here) is aware of the licensee's presence on the premises, "it is usually wilful or wanton not to exercise ordinary care to prevent injuring a person who is actually known to be, or may reasonably be expected to be, within the range of a dangerous act being done or a hidden peril on one's premises." *Cook v. Southern R. Co.*[6] See *Biggs v. Brannon Square Assoc.*[7]

---

[2] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[3] *Moon v. Homeowners' Assn. of Sibley Forest*, 202 Ga. App. 821, 822 (2) (415 SE2d 654) (1992).

[4] *Mansfield v. Colwell Constr. Co.*, 242 Ga. App. 669, 671 (530 SE2d 793) (2000).

[5] *Cooper v. Corporate Property Investors*, 220 Ga. App. 889, 891 (470 SE2d 689) (1996).

[6] *Cook v. Southern R. Co.*, 53 Ga. App. 723, 726 (3) (187 SE 274) (1936).

[7] *Biggs v. Brannon Square Assoc.*, 174 Ga. App. 13, 15 (1) (329 SE2d 239) (1985).

Here, Ellis does not contest that the broom leaning against the couch, the tools on the floor, or the couch corner were plainly visible. Rather, he contends that he simply did not see them because he was directing his attention upward and toward the kitchen at the end of the room. Thus, these items indisputably were not "hidden perils" such as an obscured hole plunging unseen down into the earth. See *Mansfield*, supra, 242 Ga. App. at 672. Rather, similar to the pile of dirt and rock positioned in the middle of the private pathway in *Mansfield*, the items here were so obvious that there was no reason for Hadnott to believe they would not be discovered. Id. at 672-673.

Nor were these passive, inert items a *"dangerous act being done."* (Punctuation omitted.) *Moon*, supra, 202 Ga. App. at 822-823 (2). Accordingly, the trial court correctly granted summary judgment to Hadnott, as the undisputed evidence shows he breached no duty owed to Ellis as a licensee.

2. Hadnott has moved this Court to hold Ellis in contempt for failing to serve his notice of appeal and his brief on Hadnott's counsel. As the evidence is conflicting on this point, we exercise our discretion to deny the motion. Hadnott has further moved this Court to dismiss the appeal on the ground that Ellis was late in filing his appellate brief, which was filed only after this Court expressly ordered Ellis to file a brief. We exercise our discretion to deny this motion also.

*Judgment affirmed. Ruffin, C. J., and Bernes, J., concur.*

DECIDED NOVEMBER 28, 2006.

Dwayne Ellis, *pro se.*

*Gray, Rust, St. Amand, Moffett & Brieske, Michael J. Rust, Christopher M. Ziegler*, for appellee.