A07A1904. MATLACK v. COBB ELECTRIC MEMBERSHIP CORPORATION.
(658 SE2d 137)

RUFFIN, Judge.

Vicki Matlack, as the parent and natural guardian of Eric Matlack, filed suit against Cobb Electric Membership Corporation ("Cobb Electric"), alleging that its negligent maintenance of a "guy wire" caused injury to her son.[1] Cobb Electric moved for summary judgment, which the trial court granted. In multiple enumerations of error, Matlack challenges this ruling. Finding no error, we affirm.

We review the trial court's grant of summary judgment de novo, and we view the evidence in a light most favorable to the nonmoving

---

[23] 246 Ga. App. 40, 43 (2) (b) (538 SE2d 802) (2000).
[24] 207 Ga. App. 250 (427 SE2d 499) (1993).
[25] Id. at 256-257 (3).
[1] Matlack erroneously listed the defendant as Cobb Energy Management Corporation, but the trial court entered an order correcting the error.

party.[2] A trial court properly grants summary judgment when there exists no genuine issue of material fact and the moving party establishes entitlement to judgment as a matter of law.[3] A defendant demonstrates entitlement to summary judgment by showing that there is no evidence to support at least one essential element of the plaintiff's case.[4]

Viewed in this manner, the record reveals that on December 30, 2003, 16-year-old Eric Matlack was visiting a friend's house when he decided to ride a motorized dirt bike.[5] Eric rode the dirt bike down the driveway and turned left onto a "pathway" on the shoulder of the road.[6] The pathway was on private property, upon which Cobb Electric had an easement. After driving only a short distance, Eric struck a guy wire, or a cable, maintained by Cobb Electric that was attached to the top of a utility pole and extended to the ground. According to Eric, although he could see the pole, he could not see the guy wire. As a result of the incident, Eric injured his arm and shoulder and his leg sustained a deep cut.

Eric's mother, Vicki Matlack, filed suit against Cobb Electric, alleging that it was negligent in failing to mark the guy wire to make it more easily visible. Cobb Electric moved for summary judgment, which the trial court granted. The trial court found, inter alia, that Eric was a trespasser, who was not wilfully or wantonly injured by the actions of Cobb Electric. The trial court further found that the guy wire was a static defect that was open and obvious.

On appeal, Matlack contends that the trial court erred in concluding that Eric was a trespasser rather than a licensee or an invitee. Matlack also takes issue with the trial court's characterization of the guy wire as open and obvious, asserting instead that Cobb Electric's failure to mark the wire rendered it a mantrap or a pitfall. Finally, Matlack asserts that the trial court erred in failing to address her argument that Cobb Electric assumed a duty to ensure her son's safety.

It is Eric's status as an invitee, licensee, or trespasser that determines the duty of care owed him by Cobb Electric.[7] " '[A] trespasser is one who, though peacefully or by mistake, wrongfully

---

[2] See *Nemeth v. RREEF America*, 283 Ga. App. 795, 796 (643 SE2d 283) (2007).

[3] See id.

[4] See id.

[5] We note that, in her brief, Matlack cites the order on appeal to support factual assertions. Given that the purpose of the brief is to show the evidence presented did not warrant summary judgment, we find such citation unhelpful.

[6] There were no sidewalks in the area.

[7] See *Howard v. Gram Corp.*, 268 Ga. App. 466, 467 (602 SE2d 241) (2004).

enters upon property owned or occupied by another.' "[8] An invitee, on the other hand, is someone who, by express or implied invitation, has been induced or led to come upon premises for any lawful purpose.[9] Generally, a person may be deemed an invitee if his presence on the property is of mutual benefit to both him and the landowner.[10] A licensee, which falls between the two, is one who is permitted, either expressly or impliedly, to go on the premises of another, but merely for his own interest, convenience, or gratification.[11]

Here, Eric may be considered, at best, a licensee, as there is no suggestion that either Cobb Electric — or the property owner who granted Cobb Electric the easement for the utility pole and guy wire — knew Eric was on the property, much less that either benefitted from his presence.[12] If Eric is a licensee, Cobb Electric may only be liable for wilful or wanton injury.[13] "Wanton conduct has been described as that which is so reckless or so charged with indifference to the consequences as to be the equivalent in spirit to actual intent to do harm or inflict injury."[14] As we have recently held, "intent to injure" is not an essential element of showing wilful or wanton conduct.[15] Rather, wilful or wanton conduct may also be shown where a landowner or occupier fails to exercise ordinary care "to prevent injuring a person who is actually known to be, or may reasonably be expected to be, within the range of a dangerous act being done *or a hidden peril* on one's premises."[16]

Under the facts of this case, there is not a scintilla of evidence that Cobb Electric intended to injure Eric. And, contrary to Matlack's argument on appeal, the guy wire is not a hidden peril, but a " 'static or passive' condition, which under our case law must have been placed with the intent of doing harm to an anticipated trespasser to give rise to liability."[17] Again, there is no suggestion that Cobb Electric placed the wire for the purpose of doing harm.

As noted by Matlack, a landowner also has a duty to keep its property free from any pitfalls or mantraps.[18] " 'The doctrine of mantrap or pitfall is rested upon the theory that the owner is

---

[8] (Emphasis omitted.) *Gomez v. Julian LeCraw & Co.*, 269 Ga. App. 576, 578 (1) (a) (604 SE2d 532) (2004).

[9] See OCGA § 51-3-1.

[10] See *Todd v. Byrd*, 283 Ga. App. 37, 40 (640 SE2d 652) (2006).

[11] See OCGA § 51-3-2.

[12] See *Buce v. Fudge*, 281 Ga. App. 221, 222-223 (635 SE2d 788) (2006).

[13] See OCGA § 51-3-2; *Trulove v. Jones*, 271 Ga. App. 681 (1) (610 SE2d 649) (2005).

[14] (Punctuation omitted.) Id. at 681-682.

[15] See *Ellis v. Hadnott*, 282 Ga. App. 584, 585 (1) (639 SE2d 559) (2006).

[16] (Punctuation omitted; emphasis supplied.) Id.

[17] *Harrison v. Plant Improvement Co.*, 273 Ga. App. 884, 887 (2) (616 SE2d 123) (2005).

[18] See id. at 886; *Trulove*, supra at 682.

expecting a trespasser or licensee and has prepared the premises to do him injury.' "[19] But the facts of this case do not give rise to the inference that the guy wire was a mantrap or pitfall.[20]

Finally, Matlack contends that the trial court erred in failing to address her argument that Cobb Electric, by virtue of its inspection procedures, assumed a duty to ensure the safety of those traversing its property. In her brief in opposition to Cobb Electric's motion for summary judgment, Matlack cited Section 324A of the Restatement (Second) of Torts and *Huggins v. Aetna Cas. & Surety Co.*[21] for the proposition that a property owner may, by its actions, "assume[ ] the duty to ensure the safety of persons expected to traverse its property." As set forth in *Huggins*,

> [o]ne who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if (a) his failure to exercise reasonable care increases the risk of such harm, or (b) he has undertaken to perform a duty owed by the other to the third person, or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.[22]

Assuming, for the sake of argument, that Cobb Electric undertook its safety inspections for the protection of third persons, we fail to see how any alleged failure on its part increased the risk of harm to Eric or that Eric relied upon Cobb Electric's undertaking. Thus, this rule of law has no application here.[23] Under these circumstances, the trial court properly granted summary judgment to Cobb Electric.[24]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JANUARY 31, 2008 —
RECONSIDERATION DENIED FEBRUARY 15, 2008.

*Patrick J. Stubbs*, for appellant.

---

[19] *Buce*, supra at 223.

[20] See id.; *Harrison*, supra at 887-888.

[21] 245 Ga. 248 (264 SE2d 191) (1981).

[22] (Punctuation omitted.) *Huggins*, supra.

[23] See *Taylor v. AmericasMart Real Estate*, 287 Ga. App. 555, 559-560 (1) (b) (651 SE2d 754) (2007).

[24] See *Buce,* supra; *Harrison*, supra.

*McNatt & Greene, Troy L. Greene*, for appellee.