## A10A1080. JONES v. MURPHY.
### (703 SE2d 26)

DOYLE, Judge.

In this premises liability suit, Richard D. Jones appeals from the grant of summary judgment to Shelley Murphy, whom he sued after he walked through a sliding glass door at her house. For the reasons that follow, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

So viewed, the record shows that Murphy was in the process of moving into her newly purchased house and was visiting with friends on the evening of her first night at the house. The group was gathered on the back porch, and the house was unlit. Sometime between nine and ten in the evening, Jones and his fiancée dropped by the house (after calling earlier in the day) to show Murphy the fiancée's engagement ring. Jones entered first and, excited to show his friends the engagement ring, walked quickly through the "pitch black" living room toward the back porch, where he saw his friends by candlelight coming from the porch. The porch was accessible by a

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

sliding glass door fitted with a swinging metal security gate. Jones observed that the security gate was open, but, unbeknownst to Jones, the glass door was closed. Jones attempted to enter the porch and crashed through the glass door, injuring his leg. Murphy was aware that earlier in the day, two friends had bumped into the closed door as they attempted to use the door to pass from the porch into the house during daylight hours.

Jones filed suit against Murphy alleging that she failed to make the sliding glass door safe or to warn him of its dangerousness. Murphy successfully moved for summary judgment, and Jones now appeals contending that summary judgment was precluded by factual issues as to Murphy's failure to warn Jones or make the sliding glass door safe. We disagree.

It is undisputed that Jones was a licensee during his visit to Murphy's house.[2] Under OCGA § 51-3-2 (b), "[t]he owner of the premises is liable to a licensee only for willful or wanton injury."

> This statutory liability for wilful or wanton injury to licensees means that the landowner . . . owes a duty to a licensee *only to avoid knowingly letting him run upon a hidden peril or wilfully causing him harm*. Thus, where the owner (as here) is aware of the licensee's [impending] presence on the premises, it is usually wilful or wanton not to exercise ordinary care to prevent injuring a person who is actually known to be, or may reasonably be expected to be, within the range of *a dangerous act* being done or *a hidden peril* on one's premises.[3]

Nevertheless, even assuming that Murphy had reason to know that the sliding glass door was a hidden peril posing a risk of harm to Jones, it is well established that Jones cannot recover if he could have avoided injury to himself by the exercise of ordinary care.[4]

> The plaintiff must exercise ordinary care for his own safety, and must by the same degree of care avoid the effect of the defendants' negligence after it becomes apparent to him or in the exercise of ordinary care he should have learned of it.

---

[2] See OCGA § 51-3-2 (a) ("A licensee is a person who: (1) Is neither a customer, a servant, nor a trespasser; (2) Does not stand in any contractual relation with the owner of the premises; and (3) Is permitted, expressly or impliedly, to go on the premises merely for his own interests, convenience, or gratification.").

[3] (Citations and punctuation omitted; emphasis supplied.) *Ellis v. Hadnott*, 282 Ga. App. 584, 585 (1) (639 SE2d 559) (2006).

[4] See *Lowery's Tavern v. Dudukovich*, 234 Ga. App. 687, 690 (3) (507 SE2d 851) (1998).

He must make use of all his senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to him.[5]

The sliding glass door here was regular in every way except that it featured an exterior metal security gate, which was open. In deposition testimony, Jones specifically recalled having seen the sliding glass door and security gate on a prior visit to the house. It is axiomatic that in a darkened room, even the most mundane furnishing or architectural feature may become hazardous to someone passing through the room in "pitch black," as was the case here. The darkened condition of the room, of course, was not hidden to Jones, and he does not dispute that he entered the house unannounced from the unlit carport, passed through the unlit living room, and attempted to exit onto the dimly lit porch in total darkness. Jones admitted that he could not "see anything in the living room . . . I didn't see anything in the living room except black . . . [it was] completely dark." Under these undisputed circumstances, Jones has shown no facts or reasonable inferences which may be drawn therefrom sufficient to raise a triable issue of fact as to his failure to exercise reasonable care for his own safety.[6] Accordingly, the trial court did not err in granting summary judgment to Murphy.[7]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 21, 2010.

*Cruser & Mitchell, Christine H. Hall, Craig P. Terrett*, for appellant.

*Carlock, Copeland & Stair, A. Paul Moore, Jr., Frederick M. Valz III*, for appellee.

---

[5] (Punctuation omitted.) Id.

[6] See *Wittenberg v. 450 Capitol Assocs.*, 207 Ga. App. 260, 264 (427 SE2d 547) (1993) ("Where the distraction [or in this case concealment] is self-induced, it may not excuse one's failure to exercise ordinary care for one's own safety."); *Kahn v. Graper*, 114 Ga. App. 572, 577 (2) (152 SE2d 10) (1966) ("an allegation that the alleged peril was concealed by darkness [does not] meet the requirements for alleging the existence of a mantrap or hidden peril, or of wanton and wilful negligence").

[7] See *Brand v. Pope*, 103 Ga. App. 489, 492 (119 SE2d 723) (1961) (affirming dismissal on general demurrer plaintiff's complaint alleging no defect other than allowing sliding glass door to be closed without prior warning to plaintiff). Although *Brand* was distinguished by *Moody v. Southland Investment Corp.*, 126 Ga. App. 225, 232 (1) (190 SE2d 578) (1972), on the ground that *Brand* failed to develop the distinction between plate glass and tempered safety glass, the instant case does not turn on such a distinction.